538 A.2d 930

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Terry L. PERKINS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1988.

Filed March 7, 1988.

George Stenhach, Coudersport, for appellant.

Martha J. Duvall, Assistant District Attorney, Couders-port, for Com., appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence imposed after appellant pleaded guilty to driving under the influence (DUI). Appellant claims that the trial court erred in determining that the Commonwealth proved by a preponderance

of the evidence that appellant had a prior DUI conviction in New York equivalent to the Pennsylvania charge of DUI. We agree and remand for a hearing consistent with this opinion.

On January 9, 1987, as a result of a one-car accident that occurred on January 6, 1987, appellant was charged with driving under the influence, 75 Pa.C.S.A. § 3731(a)(1), (4), and reckless driving, 75 Pa.C.S.A. § 3714. On April 3, 1987, appellant entered a plea of guilty to the DUI charge. After considering a pre-sentence report that indicated a prior DUI conviction in New York, the trial court sentenced appellant to thirty days to one year imprisonment. A motion to reconsider sentence was subsequently denied and this appeal followed.

Appellant claims that the Commonwealth did not prove by a preponderance of the evidence that appellant had a prior DUI conviction in New York equivalent to the charge of DUI in Pennsylvania such that appellant could be sentenced as a second-time offender. It is well settled that a defendant who is convicted of DUI for a second time must be sentenced to not less than · thirty days. 75 Pa.C.S.A. § 3731(e)(1)(ii); *Commonwealth v. Hess*, 348 Pa.Super. 600, 502 A.2d 707 (1985). The Vehicle Code specifies, however, that the individual must have been previously convicted of an offense under Section 3731 or of an equivalent offense in another jurisdiction within the previous seven years. 75 Pa.C.S.A. § 3731(e)(1)(ii).

In determining how the Commonwealth may satisfactorily establish an "equivalent offense in another jurisdiction," we note, preliminarily, that penal statutes are to be strictly construed in favor of the defendant. 1 Pa.C.S.A. § 1928(b)(1). In addition, we acknowledge that statutes which relate to the same class of persons or things shall be construed together, if possible, as one statute. *Commonwealth v. Kearns*, 365 Pa.Super. 13, 528 A.2d 992 (1987), *citing* 1 Pa.C.S.A. § 1932(a), (b); *Pennsylvania Social Ser-*

*vice v. Pennsylvania,* 481 Pa. 81, 392 A.2d 256 (1978). Therefore, since we may examine other recidivist statutes *in pari materia,* 42 Pa.C.S.A. § 9714 guides us in our analysis of the procedure for proving a prior, equivalent DUI conviction. *Kearns, supra,* 365 Pa.Superior Ct. at 19, 528 A.2d at 995.

42 Pa.C.S.A. § 9714(c) requires that the trial court, prior to imposing sentence, must have a complete record of the previous convictions and must furnish a copy of the record to the defendant. 42 Pa.C.S.A. § 9714(c). If the defendant contests the accuracy of the record, the court must schedule a hearing and direct the defendant and the Commonwealth to submit evidence regarding the previous convictions of the defendant. *Id.* Finally, the trial court must, based on the foregoing, determine by a preponderance of the evidence the previous convictions of the defendant. *Id.; Commonwealth v. Allen,* 508 Pa. 114, 118 n. 3, 494 A.2d 1067, 1070 n. 3 (1985).

■ Instantly, the only proof offered by the Commonwealth of a prior DUI conviction was a notation in the pre-sentence report. When the trial court inquired as to the source for the notation, the following discussion ensued:

The court: What was the source of the information regarding the prior DUI offense?

Mr. Moshier: The defendant and defense counsel; we attempted to receive further information relative to the conviction and were unable to locate the exact source.

Sentencing hearing at 5.

Our Supreme Court has declared that the trial court is to be furnished with a complete record of a defendant's prior convictions. *Allen, supra,* 508 Pa. at 118 n. 3, 494 A.2d at 1070 n. 3. While Pennsylvania courts have consistently rejected the notion that due process requires a higher standard of proof than a preponderance of the evidence in mandatory sentencing proceedings, we have stressed the importance of proof through official documents. *Commonwealth v.*

*Lark,* 350 Pa.Super. 558, 504 A.2d 1291 (1986) ("The proof of prior conviction is a simple historical fact which may be ascertained through official documents.").

In the present case, the trial court was presented with no evidence of a prior conviction other than the probation officer's statement that the defendant admitted to a DUI conviction in New York for which he was fined $300. The Commonwealth did not introduce a record of the prior conviction or establish that the alleged prior offense was equivalent to a second degree misdemeanor DUI under 75 Pa.C.S.A. § 3731(a).[1] Further, when the appellant contested the accuracy of the record, the trial court did not convene a hearing at which the Commonwealth could have submitted evidence regarding any previous convictions. Therefore, we must remand for a hearing in compliance with the foregoing.[2]

Case remanded and jurisdiction relinquished.

**1.** The New York Vehicle and Traffic Law § 1192 provides for separate offenses of operating a motor vehicle while ability is impaired, operating a motor vehicle with a blood alcohol content of .10 or more, and the felony of operating a motor vehicle while intoxicated. Vehicle and Traffic Law § 1192(1), (2), (3), (5); *see also People v. Boettcher,* 69 N.Y.2d 174, 505 N.E.2d 594, 513 N.Y.S.2d 83 (1987).

We acknowledge that in *Commonwealth v. Bolden,* 367 Pa.Super. 333, 532 A.2d 1172 (1987), we mandated that in instances where there is no current equivalent offense under Pennsylvania law, the prior out-of-state crime is to be scored as a non-weapons misdemeanor. We required, however, that in assessing the quality of a prior conviction in a foreign jurisdiction, the offense equivalency must be considered in terms of the nature and definition of the offense in light of the record of the foreign jurisdiction. *Id.,* 367 Pa.Superior Ct. at 338–339, 532 A.2d at 1175. In *Bolden,* we further specified:

> This approach requires a sentencing court to carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements of culpability.... It will also be necessary to examine the definition of the conduct or activity proscribed.

*Id.*

**2.** We are fully cognizant of how difficult it often is to get information from sister jurisdictions. Nonetheless, the law in the Commonwealth requires this disposition. We are confident, however, that upon a full hearing, the district attorney will be able to satisfy the requisite burden of proof.