568 A.2d 259

COMMONWEALTH of Pennsylvania

v.

James E. WHISNANT, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 6, 1989.

Filed Jan. 10, 1990.

Roy D. Shirk, Lancaster, for appellant.

J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for the Com., appellee.

Before WIEAND, MONTEMURO and MONTGOMERY, JJ.

MONTEMURO, Judge:

■ This is an appeal from the January 17, 1989, judgment of sentence of the Court of Common Pleas of Centre County, wherein the court sentenced the appellant, James E. Whisnant, to serve a period of incarceration of not less than ninety days for the offense of driving while under the influence of alcohol. Appellant had entered a plea of guilty to this charge. The record before us reveals that appellant was arrested on July 13, 1988, when police were called to the scene of a traffic accident in Centre County. After appellant failed three field sobriety tests, he was arrested and a subsequent blood test revealed appellant's blood alcohol content to be .16%. Appellant was sentenced by the trial court as a third time offender based upon two prior convictions in the state of New Jersey. Appellant's contention on appeal is that the trial court erred in finding that the New Jersey convictions stemmed from "equivalent offenses" under 75 Pa.C.S.A. § 3731(e)(1)(iii):

> (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:
>
> *    *    *    *    *    *
>
> (iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

*See* 75 Pa.C.S.A. § 3731(e)(1)(iii).

Appellant's prior convictions were established during the sentencing proceeding through a certified record from the state of New Jersey. Appellant first contends that the New Jersey offenses cannot properly be characterized as

"equivalent" to his Pennsylvania DUI offense, because in New Jersey driving under the influence is not classified as a felony or a misdemeanor, but more as a summary offense in that there is no right to a jury trial and the maximum term of imprisonment for such an offense, even if the defendant is a repeat offender, is six months. In Pennsylvania, driving under the influence is a misdemeanor of the second degree, the accused has a right to trial by jury, and imprisonment of not less than one year must be ordered, for example, if the defendant has been convicted of DUI three times previously. *See* 75 Pa.C.S.A. § 3731(e)(1)(iv).

It is clear that these differences in Pennsylvania and New Jersey statutory law do not mandate the result urged by the appellant. In *Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172 (1987), this Court addressed the question of equivalency of foreign criminal convictions. The *Bolden* case involved a Colorado conviction for attempted second-degree burglary, which the trial court had found to be equivalent to Pennsylvania's criminal attempt (burglary) for the purposes of sentencing. The *Bolden* Court opined:

... a sentencing court [must] carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements of culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum*, or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, e.g. protection of the person or protection of the property. In doing so, the court should identify the requisite elements of the crime-the *actus reus* and *mens rea*-which forms the basis of liability.

Having identified these elements of the foreign offense, the court should turn to the Pennsylvania Crimes Code for the purposes of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense.

*Id.* 367 Pa.Super. at 338-339, 532 A.2d at 1176 (footnote omitted). The *Bolden* Court also noted that the "fundamental inquiry" in determining offense equivalency is the elements of the offense. *Id.*, 367 Pa.Superior Ct. at 341, 532 A.2d at 1177.

Presently, the elements of a Pennsylvania DUI offense and a New Jersey DUI offense are substantially identical. Both define this offense as the operation of a motor vehicle while under the influence of alcohol or with a blood alcohol concentration of 0.10% or more. *See* 75 Pa.C.S.A. § 3731(a); N.J.S.A. § 39:4-50. The prohibited conduct, as well as the underlying public policy, of the Pennsylvania and New Jersey criminal statutes at issue in this case are the same. Consequently, the trial court did not err in treating them as equivalent offenses for the purposes of sentencing the appellant. To do otherwise would result in the precise unfairness the legislature sought to remedy when it enacted 75 Pa.C.S.A. § 3731(e)(1). Namely, the appellant would be treated as a first offender only because he had committed his previous crimes in another jurisdiction. As the trial court in the instant case aptly stated: "Such an interpretation would draw irrational distinctions between individuals guilty of the same criminal act and would work to defeat the purpose of the Pennsylvania statute to discourage repeated DUI offenses by the same offender." Op. of Trial Court, February 14, 1989, at 4.

As a second issue, the appellant points to the fact that unlike Pennsylvania, the New Jersey statute provides that an individual may be convicted for DUI if he "permits another person who is under the influence of intoxicating liquor ... to operate a motor vehicle owned by him or in his custody or permits another to operate a motor vehicle with a blood alcohol content of 0.10% or more.... N.J.S.A. § 39:4-50(a). This section of the New Jersey statute is not at issue in this case, and thus we need not consider whether it would be equivalent to a Pennsylvania DUI offense for the purposes of sentencing. Although provided with ample opportunity to do so, the appellant has never alleged at the trial level, nor does he do so on appeal, that his New Jersey convictions occurred because he permitted another intoxi-

cated person to operate a motor vehicle. As this Court recognized in *Commonwealth v. Perkins,* 372 Pa.Super. 30, 538 A.2d 930 (1988), if a defendant contests the accuracy of a record of previous convictions, the court must schedule a hearing where the Commonwealth and the defendant may submit evidence regarding the previous convictions. The appellant in the case at bar entered a guilty plea and attended the subsequent sentencing proceeding but never contested the accuracy of the New Jersey record, and never stated that the convictions stemmed from anything other than the appellant's operation of a motor vehicle while he was under the influence of alcohol. Moreover, we note that the Opinion of the trial court does not mention or address this second contention raised on appeal by the appellant. Thus, it is clear that appellant's arguments concerning this portion of the New Jersey statute are set forth as part of appellant's overall argument that a New Jersey and a Pennsylvania DUI offense are not equivalent, and not because this portion of the New Jersey statute served as the factual basis for any of appellant's New Jersey convictions. Consequently, we find no error in the judgment of sentence entered by the trial court.

Judgment of sentence affirmed.