<hr/>

690 A.2d 254

**COMMONWEALTH of Pennsylvania**

v.

**Granvel Eugene ROBERTSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1996.

Filed Jan. 29, 1997.

Reargument Denied April 4, 1997.

210

John M. Crabbs, Hanover, for appellant.

Joseph Adams, Assistant District Attorney, York, for Commonwealth, appellee.

Before HUDOCK, SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the judgment of sentence entered on December 4, 1995 for driving under the influence of alcohol.[1] Appellant, Granvel E. Robertson, Jr., presents the following issue for our review:

> Whether, for purposes of sentencing under 75 Pa.C.S. § 3731(e), the offense of driving while intoxicated, established by the Maryland Code, Transportation Article § 21–902(a), is "equivalent" to the offense established by 75 Pa.C.S. § 3731(a)(1). That is, is such a Maryland conviction a "prior offense" such as to invoke a mandatory enhanced sentence?

*See* Appellant's Brief at 3.

On April 23, 1994, at approximately 2:00 a.m., Officer Edwin J. Schneider observed appellant's vehicle weaving and crossing the center lines on Route 94 in West Manheim Township in York County. Officer Schneider pulled appellant over, and upon approaching appellant, noticed the odor of alcohol on appellant's breath. After failing three field sobriety tests, appellant was arrested and charged with driving under the influence of alcohol and related driving offenses.[2] On October

---

1. 75 Pa.C.S. § 3731(a)(1),(4).

2. 75 Pa.C.S. § 3301 (failure to keep right), and 75 Pa.C.S. § 1512 (restrictions on driver's license).

31, 1995, after a bench trial, appellant was found guilty of the charges. A sentencing hearing was held on December 4, 1995, at which time appellant's Maryland driving record, which included three convictions for driving under the influence, was admitted into evidence. Appellant was sentenced, as a repeat offender, to one (1) to two (2) years imprisonment and fined $500.00 on the driving under the influence charge.[3] This timely appeal followed.

Appellant claims that the trial court erred in sentencing him as a recidivist under 75 Pa.C.S. § 3731(e)(iv), as his prior Maryland offenses are not equivalent to the Pennsylvania offenses.

Under Pennsylvania's Motor Vehicle Code, a person who is convicted of driving under the influence of alcohol shall be sentenced to a mandatory minimum sentence of not less than one year if the person has had three prior convictions for equivalent offenses in other jurisdictions within the previous seven years. 75 Pa.C.S. § 3731(e)(1)(iv). When determining the equivalency of foreign offenses for sentencing purposes under § 3731(e)(1)(iv):

> [A] sentencing court must carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements of culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum*, or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute ... [and] in doing so, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which forms the basis of liability.
>
> > Having identified these elements of the foreign offense, the court should turn to the Pennsylvania Crimes Code for the purposes of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition as the out-of-

---

**3.** Appellant was fined $50.00 for the remaining charges.

state or federal offense when compared to the Pennsylvania offense.

*Commonwealth v. Whisnant,* 390 Pa.Super. 192, 194, 568 A.2d 259, 260 (1990) (citing *Commonwealth v. Bolden,* 367 Pa.Super. 333, 532 A.2d 1172 (1987)). Furthermore, the fundamental inquiry in determining offense equivalency is a comparison of the elements of the offense. *Id.*

In the present case, appellant was convicted of driving under the influence of alcohol under 75 Pa.C.S. § 3731(a)(1) and (4),[4] which provide:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

.    .    .    .    .

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater[.]

Furthermore, within seven years prior to these Pennsylvania convictions, appellant had been convicted three times for driving while intoxicated under § 21–902(a) of the Maryland Vehicle Code, Transportation Article, which provides:

(a) driving while intoxicated—

(1) A person may not drive or attempt to drive any vehicle while intoxicated.[5]

(2) A person may not drive or attempt to drive any vehicle while the person has an alcohol concentration of 0.10 or more. . . .

As the elements, prohibited conduct, and underlying public policy[6] of the Maryland and Pennsylvania offenses are sub-

**4.** We note that appellant was also convicted under 75 Pa.C.S. § 3731(a)(5), but this subsection was recently held unconstitutional by our Supreme Court. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996).

**5.** Under the Maryland statute, a blood alcohol level of 0.10% or more at the time of testing is prima facie evidence of intoxication.

**6.** As noted in *Whisnant, supra,* a contrary result would treat appellant as a first offender "only because he had committed his previous crimes

stantially identical, we find that the trial court did not err in treating the offenses as equivalent for the purposes of sentencing appellant. *Whisnant, supra.*

Accordingly, we affirm the judgment of sentence.

Affirmed.

in another jurisdiction ... [and would] work to defeat the purpose of the Pennsylvania statute to discourage repeated DUI offenses by the same offender." 390 Pa.Super. at 195, 568 A.2d at 261 (citation omitted).