# Snyder v. PennDOT

C.P. of Lehigh County, no. 97-C-2601.

*Norman E. Blatt,* for appellant.
*Susan W. Shenkin,* for appellee.

BLACK, *J.,* May 20, 1998—Barry R. Snyder, appellant, has challenged the suspension of his operating privilege by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing. The basis for the suspension was appellant's conviction in the State of New Jersey for driving while intoxicated in violation of N.J.S. §39:4-50(a). The conviction was on September 23, 1997, for conduct that had occurred on October 13, 1996. PennDOT notified appellant on October 10, 1997, that his operating privilege was being suspended as of November 21, 1997, pursuant to 75 Pa.C.S. §§1532(b)(3) and 1581, article IV(a)(2).[1] Appellant has filed a timely petition for appeal of his suspension.

---

1. 75 Pa.C.S. §1532(b)(3) requires PennDOT to suspend the operating privilege of any person convicted under 75 Pa.C.S. §3731(a) of driving under the influence of alcohol for one year. 75 Pa.C.S. §1581, article IV(a)(2), requires PennDOT to give the same effect to a conviction for driving under the influence of alcohol in a party state as that conduct would have in Pennsylvania.

Appellant presents two issues for our review. First, appellant contends that the Driver's License Compact, 75 Pa.C.S. §1581, does not apply to his New Jersey conviction because the Compact took effect on December 10, 1996, prior to appellant's conviction, but *after* he had already committed the offense which gave rise to the conviction. Second, appellant contends that the New Jersey statute under which he was convicted is not substantially similar to Pennsylvania's driving under the influence law, 75 Pa.C.S. §3731, and therefore that his New Jersey conviction is not a proper basis for suspension of his Pennsylvania operating privilege under the Compact. For the reasons stated below, we have concluded that both of these contentions are without merit.

The recent Commonwealth Court decision in *Touring v. PennDOT,* no. 2972 C.D. 1997 (Pa. Commw., May 15, 1998) is dispositive of the first issue. In that case, the licensee was convicted in Maryland on April 21, 1997, for driving under the influence on November 3, 1996. As here, the conviction occurred after the effective date of the Compact, but was based on conduct that had occurred prior to that date. The Commonwealth Court held in *Touring* that the Compact did apply, stating:

"PennDOT's imposition of the suspension based on the April 1997 conviction does not constitute a retroactive application of the Compact. As of the Compact's effective date, PennDOT had authority to act on subsequent reports of applicable out-of-state convictions. The condition triggering application of the Compact was the conviction, which occurred after the effective date of the Compact; therefore, its application was prospective and not retrospective. A statute does not operate retrospectively merely because some predicate facts ex-

isted prior to its effective date." *Id.,* slip op. at 2-3. (footnotes omitted)

In view of *Touring,* it is clear that the Compact applies to this case, regardless of the date of the New Jersey violation, since the New Jersey conviction occurred after the effective date of the Compact.

Under the Compact, PennDOT is to give an out-of-state DUI conviction the same effect as a conviction under Pennsylvania's DUI law only *if* the out-of-state offense was of a "substantially similar nature." 75 Pa.C.S. §1581(c), article IV. Pennsylvania's DUI law provides in pertinent part:

"(a) *Offense defined.*—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

"(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving. . . .

"(4) While the amount of alcohol by weight in the blood of:

"(i) an adult is 0.10 percent or greater; or

"(ii) a minor is 0.02 percent or greater." 75 Pa.C.S. §3731(a).

New Jersey's DUI law provides in pertinent part:

"A person who [1] operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug or [2] operates a motor vehicle with a blood-alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood or [3] permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or [4] permits another to operate a motor vehicle with

a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood, shall be subject [to certain penalties]." N.J.S. §39:4-50(a). (bracketed numbers added)

Although New Jersey's DUI statute has four alternative grounds for conviction, only the first is involved in this appeal. As appellant stated in his brief, the New Jersey report of conviction does not aver that appellant's blood alcohol content was 0.10 percent or greater, and appellant does not contend that he was convicted for operating a vehicle with too high a BAC in violation of the second part of the New Jersey DUI statute, corresponding to section 3731(a)(4) of the Pennsylvania Vehicle Code.[2] Nor does appellant claim that he was

---

2. Although this section of the Pennsylvania Vehicle Code is virtually identical to the second part of the New Jersey DUI statute, the courts of Pennsylvania and New Jersey have interpreted this language quite differently. The Pennsylvania courts have held that a BAC must be related back to the time of his operation of the vehicle, though in some cases the inference is clear, and specific relation-back testimony is not needed by the Commonwealth. See *e.g., Commonwealth v. Curran,* 700 A.2d 1333, 1334-35 (Pa. Super. 1997). The New Jersey Supreme Court, on the other hand, has held that despite the explicit language of the New Jersey statute, it is the BAC *at the time of the chemical test* rather than at the time the defendant was actually driving that is essential in establishing the offense, so long as the test is administered within a reasonable time after the time of driving. *State v. Tischio,* 527 A.2d 388 (N.J. 1987). Under New Jersey law, relation-back evidence is not only unnecessary, it is irrelevant and inadmissible. *Id.* at 397. In *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996), the Pennsylvania Supreme Court held unconstitutional the former section 3731(a)(5) of the Pennsylvania Vehicle Code, which had declared unlawful the condition of having a BAC of 0.10 percent or greater at any time within three hours after driving a vehicle, regardless of one's BAC at the time of driving. Thus, if appellant had been convicted of violating part two of the New Jersey DUI statute, his

convicted for allowing another person to operate his vehicle while intoxicated or with too high a BAC level. Therefore, parts three and four of the New Jersey DUI statute are not applicable either. Accordingly, any arguments that might have been advanced on the theory that appellant was convicted of violating parts two, three or four of the New Jersey DUI statute have been waived and are not at issue in this appeal. See *Commonwealth v. Whisnant,* 390 Pa. Super. 192, 195, 568 A.2d 259, 261 (1990).

The specific issue that remains is whether the first part of the New Jersey DUI law is substantially similar to section 3731(a)(1) of the Pennsylvania Vehicle Code. The Pennsylvania Superior Court held in *Whisnant, supra* at 260, that these offenses *are* "substantially identical." Although *Whisnant* dealt with the issue of sentencing under Pennsylvania law, and specifically whether the defendant there would be treated as a first offender, there is no reason to reach a different conclusion where the issue is one of license suspension. If the New Jersey statute is substantially identical for sentencing purposes, it is also substantially identical for license suspension purposes.

Furthermore, in a license suspension case recently decided by this court on May 7, 1998, through the Honorable Thomas A. Wallitsch, the Lehigh County Court of Common Pleas, relying in part on *Whisnant,* held that "Pennsylvania's statute is essentially identical to New Jersey's statute." *Peter A. Henninger v. PennDOT,* no. 97-C-2650 (Lehigh County, May 7, 1998). A judge of a court of common pleas is bound by the decisions of other judges of the same court.

---

conviction arguably would be inconsistent with Pennsylvania law, as established in *Barud.*

See *Yudacufski v. PennDOT,* 499 Pa. 605, 612, 454 A.2d 923, 926 (1982).[3] Therefore, since the facts in *Henninger* were identical to those here, we are bound by Judge Wallitsch's decision on this issue.

It is true that an earlier decision of this court sustained a license suspension appeal where the suspension was based on violation of the New Jersey DUI statute. *Charles M. Palmer II v. PennDOT,* no. 97-C-1737 (Lehigh County, Oct. 13, 1997) (Ford, J.). The court order in *Palmer* was not accompanied by an opinion; the rationale for the decision is contained in a one-sentence footnote:

"We grant this appeal pursuant to *Olmstead v. PennDOT,* 677 A.2d 1285 (Pa. Commw. 1996), *allocatur granted,* 546 Pa. 698, 687 A.2d 380 (1997)."

*Olmstead* held that New York's driving while alcohol-impaired statute is *not* substantially similar to the Pennsylvania DUI law. Therefore, the basis for Judge Ford's order in *Palmer* must have been his conclusion that New Jersey's DUI statute is not substantially similar to Pennsylvania's DUI statute.

However, the recent Commonwealth Court decision in *Fisher v. PennDOT,* no. 2734 C.D. 1997, 1998 WL 162354 (Pa. Commw., March 30, 1998), distinguishes *Olmstead* and supersedes the decision in *Palmer*. In *Olmstead,* the Commonwealth Court had reasoned that New York's DWAI statute, which was a lesser-included offense of driving while intoxicated, punished any alcohol-related impairment in driving a motor vehicle, whether or not the impairment affected a person's ability to drive safely. The *Olmstead* court pointed out that

---

3. "It is well-settled that, absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based on the same set of facts." *Id.* at 612, 454 A.2d at 926.

the Pennsylvania DUI statute requires that the driver be under the influence of alcohol "to a degree which renders the person incapable of safe driving." 75 Pa.C.S. §3731(a)(1).

*Fisher* involved the New Hampshire DUI statute, which like New Jersey's statute provides in pertinent part:

"No person shall drive or attempt to drive a vehicle upon any way: (a) While such person is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs; . . . ." N.H. Rev. Stat. §265:82(I).

The Commonwealth Court held in *Fisher* that this statutory provision was substantially similar to section 3731(a)(1) of the Pennsylvania Vehicle Code. The court specifically rejected the argument that the absence of the phrase "to a degree which renders the person incapable of safe driving" rendered the New Hampshire law materially different. The court stated:

"[W]e are convinced that a person convicted of driving a vehicle while under the influence of intoxicating liquor is a fortiori unable to drive a vehicle safely due to alcohol. . . ." *Fisher, supra,* slip op. at 5-6.

In view of *Fisher*, neither *Olmstead* nor Judge Ford's decision in *Palmer* is controlling here. Since the portion of the New Hampshire statute found to be substantially similar to Pennsylvania section 3731(a)(1) is virtually identical to the portion of the New Jersey statute here at issue, we are required to hold, as did Judge Wallitsch in *Henninger*, that the New Jersey statute under which appellant was convicted is substantially similar to section 3731(a)(1) of the Pennsylvania Vehicle Code.

Appellant also argues that New Jersey's procedures and penalties for driving under the influence differ substantially from Pennsylvania's procedures and penalties. However, such differences are irrelevant. The issue of

substantial similarity relates to the substantive elements of New Jersey and Pennsylvania law, not to the procedures or penalties for such violations. See *Commonwealth v. Bolden,* 367 Pa. Super. 333, 532 A.2d 1172 (1987) (car rental conviction for attempted second-degree burglary held equivalent to Pennsylvania's criminal attempt [burglary] for sentencing purposes; fundamental inquiry in determining equivalency of offenses is the elements of the offenses); see also, *Commonwealth v. Whisnant, supra* at 194-95, 568 A.2d at 260.

Because the elements of the New Jersey statute under which appellant was convicted and section 3731(a)(1) of the Pennsylvania Vehicle Code are substantially similar, appellant's New Jersey conviction was a proper basis for the suspension of his operating privilege by PennDOT.

## ORDER

Now, May 20, 1998, upon consideration of appellant's license suspension appeal, after hearing, and for the reasons set forth in the accompanying opinion, it is ordered that said appeal be and hereby is denied. The Department of Transportation is directed to reinstate the suspension of appellant's operating privilege.