## PennDOT v. Troisi

C.P. of Delaware County, no. 98-5221.

*Marc A. Werlinsky,* for Commonwealth.
*Vincent P. DiFabio,* for appellant.

BATTLE, *J.,* July 7, 1998—The case captioned above has been consolidated with other Driver License Compact cases for purposes of this opinion.

## FACTS

Appellants are Pennsylvania motor vehicle operators appealing their driver's license suspensions. Between March 5, 1997 and December 11, 1997, each of the appellants was convicted of violating New Jersey statute 39:4-50(a), with the exception of David Seidman, who was convicted of violating Florida statute section 316.193(b). All of the convictions were for driving under the influence of alcohol. Upon receipt of a record of each offense from the respective states, the Pennsylvania Department of Transportation notified each appellant that his/her license was being suspended for a period of one year. The language of the notice to the appellants

who were convicted of violating New Jersey's DUI statute was as follows:

"Section 1581 of the Vehicle Code requires the department to treat certain out-of-state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the department receiving notification from New Jersey of your conviction on _____ of an offense which occurred on _____, which is equivalent to section 3731 of the Pa. Vehicle Code, Driving Under Influence, your driving privilege is being Suspended for a period of one year, as mandated by section 1532B of the Vehicle Code."

The notice sent to David Seidman included the appropriate reference to the Florida DUI statute. Appellants timely appealed their suspensions pursuant to 75 Pa.C.S. §1550 (Motor Vehicle Code). The cases were consolidated on November 18, 1997, and a hearing was held before this court on January 22, 1998.

## BACKGROUND

Pennsylvania entered into the Interstate Driver License Compact on December 10, 1996, by the addition of 75 Pa.C.S. §1581 to the Motor Vehicle Code. Prior attempts to impose the provisions of the compact by actions of the Secretary of Transportation were held to be invalid in *Sullivan v. PennDOT,* 708 A.2d 481 (Pa. 1998). Our Supreme Court held that driver's license suspensions based on convictions which occurred prior to the legislative enactment of the compact were invalid and that the secretary had exceeded his authority. All of the cases now before this court involve convictions which occurred after the compact was in effect, and *Sullivan* therefore does not apply.

This court finds that: (1) Pennsylvania lacks statutory authority to suspend the appellants' operating privileges

under 75 Pa.C.S. §1532(b)(3); (2) civil reservations permitted under New Jersey's Rules of Civil Procedure must be given full faith and credit in Pennsylvania; and (3) the applicable portions of the New Jersey and Florida DUI statutes are not substantially similar to Pennsylvania's DUI statute. We must therefore sustain the foregoing appeals.

## *Suspension of License for Conviction of Offense Equivalent to Section 3731*

Pennsylvania has entered into a compact with other states in which the intent is for persons who have been convicted of driving under the influence of alcohol in other states to have their Pennsylvania driver's licenses suspended as if the offense had occurred under Pennsylvania's DUI statute. The compact has been legislatively enacted at 75 Pa.C.S. §1581 and states as follows:

"Article IV

"Effect of Conviction

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for: . . .

"(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle; . . . ." 75 Pa.C.S. §1581.

In Pennsylvania, the DUI statute, 75 Pa.C.S. §3731, does not provide for driver's license suspensions. Suspensions are imposed pursuant to 75 Pa.C.S. §1532(b), which provides as follows:

"The department [of transportation] shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) . . . ." 75 Pa.C.S. §1532(b)(3).

Section 1532(b) provides for the suspension of operating privileges for a conviction of section 3731. It does not provide for the suspension of operating privileges for an out-of-state conviction of an offense "equivalent to" section 3731.

The Statutory Construction Act, 1 Pa.C.S. §1901 et seq., requires this court to strictly construe the language of statutes. Section 1903 requires that words and terms in a statute be given their plain meaning. Our Supreme Court held in *Kusza v. Maximonis,* 363 Pa. 479, 70 A. 2d 329 (1950), that courts cannot supply omissions in a statute. *Id.* In addition, Pennsylvania law requires that, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Therefore, it would be an abuse of this court's authority to give PennDOT the power to suspend driver's licenses for violations of offenses "equivalent to" section 3731, where the language of the statute is clear and free from ambiguity.

Because 75 Pa.C.S. §1532(b) does not mandate a one-year license suspension for a violation of an offense "equivalent to" 75 Pa.C.S. §3731, the appellants were not properly charged and the suspension appeals must be sustained.

## Civil Reservations

Five of the appellants pled guilty to New Jersey DUI charges, with civil reservations, pursuant to New Jersey Rule of Civil Procedure 3:9-2, which states as follows:

"For good cause shown the court may, in accepting a plea of guilty, order that such plea not be evidential in any court proceeding." N.J.R.Crim.P. 3:9-2. In *Gallo Asphalt v. Sagner,* 71 N.J. 405, 365 A.2d 932 (1976), two businesses pled guilty with civil reservations in a criminal proceeding. Based on these pleas, the New Jersey Department of Transportation disallowed them from bidding on Department of Transportation contracts. New Jersey's Supreme Court held that the Department of Transportation hearing was a civil proceeding and therefore the guilty pleas could not be used against the defendants. 365 A.2d at 935. In the case at bar, a license suspension is a civil sanction for a criminal conviction. This would clearly not be allowed in New Jersey and, under the full faith and credit clause of the United States Constitution, U.S.C. Constitution Article 4 Section 1, cannot be permitted in Pennsylvania.

Our Commonwealth Court explored the application of the full faith and credit clause of the constitution to a license suspension proceeding in *PennDOT v. Adcock,* 103 Pa. Commw. 298, 520 A.2d 118 (1987). At issue was a statute requiring that PennDOT suspend the license of a driver against whom a judgment has been entered. A judgment was entered against Adcock in Massachusetts and, thereafter, PennDOT suspended his license. Our Commonwealth Court upheld the suspension, relying on its holding in *PennDOT v. Granito,* 70 Pa. Commw. 123, 452 A.2d 889 (1982) and stating that "full faith and credit demands that we recognize the judgment of our sister states and give them at least the same effect and validity as they enjoy in the rendering state." The New York Court of Appeals addressed the full faith and credit issue regarding New Jersey's Rule of Criminal Procedure 3:9-2 in *Farmland Dairies v. Barber,* 478 N.E.2d 1314; 489 N.Y.S.2d 713 (1985). In *Farmland Dairies,* a company was convicted of price

rigging, to which it pled guilty with a civil reservation in New Jersey. While the conviction generally would be admissible in New York as evidence in its application for a license extension, the New York Court of Appeals held that N.J.R.Crim.P. 3:9-2 precluded the use of the guilty plea in the civil proceeding. We believe the judgment of New York's highest court to be sufficiently persuasive in this matter. Therefore, the civil reservations will be given full force and effect by this court, and the driver's license suspensions appeals of Susan Salerno, Alice Taylor, Francis Doyle Jr., and Wayne Congar are therefore granted.

*Whether New Jersey and Florida DUI Statutes Are Substantially Similar to Section 3731*

The compact does not require that the DUI statutes of New Jersey and Florida be identical to Pennsylvania's DUI statute in order for Pennsylvania to "give the same effect to the conduct reported." The compact only requires that the statutes be "substantially similar." 75 Pa.C.S. §§1581(a) and (c). Pennsylvania's DUI statute, section 3731, provides in pertinent part as follows:

"(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

"(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

"(4) While the amount of alcohol by weight in the blood of . . . an adult is 0.10 percent or greater; . . . ." 75 Pa.C.S. §3731.

New Jersey's DUI statute defines a DUI offender in pertinent part as:

"A person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates

a motor vehicle with a blood alcohol concentration of .10 percent or more by weight of alcohol in the defendant's blood . . . ." N.J.S. 39:4-50(a).

Florida's DUI statute states that a person is guilty of DUI: "(2) if such person is driving or in actual physical control of a vehicle within this state and: . . .

"(b) The person has a blood or breath alcohol level of .08 percent or higher."

The issue of whether the Florida and Pennsylvania DUI statutes are "substantially similar" has not previously been addressed by the Pennsylvania courts. David Seidman was convicted of violating section (b) of the Florida statute, which requires a .08 blood/breath alcohol level, while Pennsylvania's statute requires a .10 level. Pennsylvania's statute, by using a .10 level, is less restrictive. This difference prevents this court from seeing them as "substantially similar."

The Commonwealth cites *Commonwealth v. Whisnant*, 390 Pa. Super. 192, 568 A.2d 259 (1990) in support of its claim that the New Jersey and Pennsylvania statutes are substantially similar. In *Whisnant*, the defendant was sentenced as a repeat offender, based on previous DUI convictions in New Jersey. *Whisnant*, 390 Pa. Super. at 194, 568 A.2d at 260. The defendant claimed that the New Jersey convictions should not be included in his sentencing because the degrees of the offenses differed. While *Whisnant* held that the two were "substantially identical" for the purposes of sentencing, the court specifically noted that the part of the New Jersey statute providing for a conviction for allowing another person to drive defendant's vehicle while intoxicated was not an issue on appeal. In the case at bar, the evidence introduced by PennDOT does not specify that the appellants were operating motor vehicles, or that they had blood alcohol levels of .10 percent or more.

The section of New Jersey's DUI statute providing for conviction for allowing another person to drive while intoxicated has no parallel in section 3731. In *Olmstead v. PennDOT,* 677 A.2d 1285 (Pa. Commw. 1996), *affirmed per curiam,* 707 A.2d 1144 (Pa. Super. 1998), our Commonwealth Court found that New York's Driving While Ability Impaired statute was not substantially similar to Pennsylvania's statute section 3731. Discussing the holding of *Olmstead,* our Commonwealth Court stated in *Franz v. PennDOT,* no. 3545 C.D. 1997 (Pa. Commw. 1998):

"In *Olmstead,* the Commonwealth Court reversed the trial court's decision to uphold the imposition of a licensee's one-year license suspension, since we concluded that violations of New York's DWAI statute and Pennsylvania's DUI statute are not substantially similar offenses. We so concluded because New York's DWAI statute, which punishes any alcohol-related impairment in driving a motor vehicle, has no equivalent in the laws of this Commonwealth."

This court notes that New Jersey's statute differs from Pennsylvania's in two respects: The first is that a New Jersey defendant can be convicted of driving while intoxicated, even if not to a degree which renders him or her incapable of safely driving a motor vehicle. Second, New Jersey's statute permits a defendant to be convicted for allowing another person to drive his or her vehicle while intoxicated. The first New Jersey provision is similar to New York's DWAI statute, and the second has no parallel in Pennsylvania's section 3731. While part of New Jersey's statute is substantially similar to section 3731 (the part providing a .10 percent threshold), this court does not know which section of New Jersey's DUI statute was violated by each appellant, and will therefore apply the holding of *Olmstead,* be-

cause it is as likely as not that the appellants were convicted of violations which are not "substantially similar" to Pennsylvania's DUI statute.

Finally, article III of the compact requires that the state reporting the violation "describe the violation specifying the section of the statute, code or ordinance violated." While PennDOT specified the correct section of the statute, New Jersey's DUI statute section 39:4-50(a) describes several different situations, which are not all equivalent to Pennsylvania's statute. For the reasons stated above, this court finds that the offenses for which appellants were convicted were not "substantially similar" to Pennsylvania's DUI statute, as required by the compact.

For all of the reasons stated in the above opinion, appellants' appeals from the suspension of their driver's licenses are hereby granted.