**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dawn Marie SHARP, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 2002.
Filed Feb. 20, 2002.

---

**9.** While *Trivigno* is a plurality decision, we    specifically adopt its reasoning in this case.

Frank C. Arcuri, York, for appellant.

Deirdre Sullivan, Asst. Dist. Atty., York, for Commonwealth, appellee.

Before DEL SOLE, P.J., LALLY–GREEN and TAMILIA, JJ.

TAMILIA, J.

■ ¶ 1 This is an appeal from the April 16, 2001, one to two-year judgment of sentence imposed after the court determined this was the fourth conviction of driving while intoxicated (DUI) for the appellant, Dawn Marie Sharp. On appeal, Sharp argues the sentencing court erred by concluding this was her fourth DUI offense, rather than her third, and imposing the one-year mandatory minimum sentence.[1] Appellant contends that the first of her three offenses, all committed in the state of New York, did not "count" for purposes of determining how many total offenses had been committed, the most recent "fourth" offense having been committed in Pennsylvania. We disagree, and affirm judgment of sentence.

¶ 2 On July 24, 1999, officers were called to the scene of a motor vehicle accident between a car and a motorcycle. After speaking with the appellant, who admitted she had rear-ended her boyfriend's motorcycle causing him to crash, officers suspected appellant was intoxicated and asked her to submit to a blood test. Appellant agreed and the results indicated she had a blood alcohol content (BAC) of 0.214%, far above the legal limit. Appellant subsequently was charged with driving while under the influence of alcohol to a degree which rendered her incapable of safe driving,[2] and driving while her BAC was 0.10% or greater.[3] On February 16, 2000, appellant entered an open plea of guilty, and the court ordered that a presentence investigation report (PSI) and a "prior record check" be conducted with regard to the three previous DUI convictions in the state of New York. The court received and considered the reports which indicated appellant was convicted of drunk driving in New York on January 27, 1993, March 7, 1994, and May 7, 1996. The sentencing court then determined appellant was a four-time DUI offender, and sentenced her to a mandatory minimum term of one year imprisonment. In so concluding, the court likened appellant's first New York conviction to one similarly

---

1. The mandatory minimum sentence for a third DUI conviction is ninety (90) days imprisonment.

2. 75 Pa.C.S.A § 3731(a)(1).

3. *Id.,* § 3731(a)(4).

penalized under Pennsylvania's Accelerated Rehabilitative Disposition (ARD), and considered it as appellant's first conviction, "for the purposes of computing whether a subsequent conviction of a violation of [§ 3731 of the Motor Vehicle Code] shall be considered a second, third, fourth or subsequent conviction." 75 Pa.C.S.A. § 3731(e)(2); Trial Court Opinion, Brillhart, J., 6/29/01, at 3. This appeal followed.

◼ ¶ 3 It is appellant's position that because New York did not consider her first offense when it sentenced her for the two subsequent New York convictions, Pennsylvania should follow suit, making the July 24, 1999 offense her third conviction, resulting in a mandatory minimum sentence of only 90 days.

◼ ¶ 4 Sentencing° is a matter vested in the sound discretion of the sentencing court, and that judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Ritchey,* 779 A.2d 1183 (Pa.Super.2001). An abuse of discretion is more than just an error in judgment, and the trial court will not be found to have abused its discretion unless the record discloses the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Kenner,* 784 A.2d 808 (Pa.Super.2001).

¶ 5 We find there was no abuse of discretion. Not only did the sentencing court logically and reasonably come to its conclusion the Pennsylvania conviction was appellant's fourth, the court's decision is supported by the **Driver's License Compact,** 75 Pa.C.S.A. § 1581, to which Pennsylvania and New York are both party. The Compact states, in pertinent part,

Article IV

Effect of Conviction

(a) The licensing authority in the home state [Pennsylvania[4]], for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact [Reports of Conviction], as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.

*Id.,* § 1581 Article IV(a)(2). The sentencing court clearly was justified in counting appellant's January 27, 1993 New York conviction as her first, for the purpose of determining how many times she had ignored the safety of herself and others and drove while intoxicated. *See also Harrington v. Com., Dept. of Transp.,* 563 Pa. 565, 569, 763 A.2d 386, 388 (2000) (holding the Driver's License Compact requires, "that the same effect be given to a conviction reported by a party state as the conviction would have been given had the licensee engaged in substantially similar conduct and been convicted of a substantially similar offense in Pennsylvania"); *Commonwealth v. Whisnant,* 390 Pa.Super. 192, 568 A.2d 259 (1990).

¶ 6 Having found the sentencing court acted within its discretion by concluding the February 16, 2000 conviction was appellant's fourth, we also find the court

---

**4.** The record indicates appellant is a Pennsyl-    vania resident.

properly imposed a mandatory minimum sentence of one year imprisonment.

¶ 7 Judgment of sentence affirmed.