J-A32029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARC SUTHERLAND GOOD :
:
Appellant : No. 357 MDA 2017

Appeal from the Judgment of Sentence February 17, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001279-2016

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER, J. *

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 12, 2018**

Appellant, Marc Sutherland Good, appeals from the Judgment of
Sentence entered after a stipulated non-jury trial. The trial court convicted
Appellant of DUI—General Impairment (2nd Offense), DUI—High Rate of
Alcohol (2nd Offense), Failure to Keep Right, Disregard Traffic Lane, and
Failure to Use Safety Belt.[1] After careful review, we affirm.

On June 7, 2016, the Commonwealth filed a Criminal Complaint,
charging Appellant with seven DUI-related offenses arising from an incident
alleged to have occurred on May 6, 2016. The charges included the two
second-degree misdemeanor DUI offenses at issue herein.

_____

[1] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(b); 75 Pa.C.S. § 3301(a); 75
Pa.C.S. § 3309(1); and 75 Pa.C.S. § 4581(a)(2)(ii), respectively.

_____

\* Retired Senior Judge assigned to the Superior Court.

On October 13, 2016, Appellant filed a Motion to Dismiss/Motion to Quash for Improper Grading. Appellant alleged in his Motion that the Commonwealth improperly graded his DUI charges as second-degree misdemeanors based on an alleged prior DUI conviction in Virginia. *See* Mot. to Dismiss, 10/13/16, at ¶¶ 6, 7. In particular, Appellant argued that his "alleged convictions in Virginia do not qualify as 'substantially similar' offenses under Pennsylvania's Driving Under the Influence statute." *Id.* at ¶ 7. On November 1, 2016, the court held a hearing, after which it denied Appellant's Motion.[2, 3]

On January 12, 2017, the court held a stipulated non-jury trial. At trial, Appellant renewed his Motion to Dismiss based upon improper grading, arguing that the "pretrial motion court made an error in determining that Virginia's statute was substantially similar to Pennsylvania's statute." N.T.,

_____

[2] At the hearing, the Commonwealth represented to the court that it had provided to Appellant's counsel "a printout of the transcript of [Appellant's] driver history from Virginia," which indicated that a court convicted him on August 15, 2014 of driving while intoxicated in violation of Virginia "Section 18.2-266." N.T., 11/1/16, at 3, 9. The Commonwealth offered to remit a copy of this record to the court for its review. *Id.* at 9. During this colloquy, Appellant's counsel claimed that he did not receive this record from the Commonwealth during discovery, but proceeded to argue the merits of his claim that the Virginia statute pursuant to which Appellant had been convicted is not substantially similar to the Pennsylvania DUI statute. *Id.* The Commonwealth did not move for the admission of Appellant's Virginia driving record into evidence.

[3] The trial court issued an Order and Opinion explaining its rationale for denying Appellant's Motion on November 22, 2016.

1/12/17, at 3. At the conclusion of trial, the court convicted Appellant of DUI—General Impairment (2nd Offense), DUI—High Rate of Alcohol (2nd Offense), Failure to Keep Right, Disregard Traffic Lane, and Failure to Use Safety Belt.

On February 17, 2017, the court sentenced Appellant on the DUI—General Impairment (2nd Offense) conviction to, *inter alia*, five days' to six months' imprisonment, the mandatory minimum sentence for a second DUI conviction, and suspension of his driver's license.[4]

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the [t]rial [c]ourt commit an error of law when it sentenced Appellant to the mandatory sentence for a second offense DUI where the Commonwealth failed to present any evidence of a prior Virginia DUI conviction?

2. Did the [t]rial [c]ourt err in finding the Virginia DUI statute substantially similar to the Pennsylvania DUI statute in the absence of any evidence presented by the Commonwealth?

Appellant's Brief at 10.

In both issues raised, Appellant claims his DUI sentence is illegal because the Commonwealth improperly graded his DUI offenses as second-

---

[4] Appellant's conviction of DUI—High Rate of Alcohol (2nd Offense) merged with his General Impairment conviction for purposes of sentencing. His convictions of Failure to Keep Right, Disregard Traffic Lane, and Failure to Use Safety Belt carried no further penalties.

degree misdemeanors, and sentenced him accordingly. Appellant alleges two alternate theories in support of his claim for relief: (1) that the Commonwealth failed to meet its burden of proving that Appellant had a prior DUI conviction because it did not provide documentary proof of his prior conviction, and (2) that even if the Commonwealth proved that Appellant had a prior conviction, the statute under which the Virginia court convicted Appellant is not "substantially similar" to Pennsylvania's statute for purposes of grading the instant offenses.

Appellant presents his first issue as a challenge to the sufficiency of the Commonwealth's evidence of his guilt of the crimes charged. However, because a prior DUI conviction is not an element of the charged crimes, but rather, as discussed *infra*, a factor to consider for enhancement and sentencing purposes, evidentiary sufficiency is not implicated in this issue. Instead, Appellant is actually challenging the trial court's reliance on his prior DUI conviction for the purposes of enhancement and sentencing when the Commonwealth allegedly did not provide him with a copy of his Virginia driving record in discovery. Thus, Appellant, in fact, challenges the legality of his sentence. *See Commonwealth v. Pombo*, 26 A.3d 1155, 1157 (Pa. Super. 2011) (holding that a challenge to the grading of an offense and the imposition of a mandatory minimum sentence implicates the legality of an appellant's sentence); *see also Commonwealth v Foster*, 17 A.3d 332, 345 (Pa. 2011) (stating that a challenge to the imposition of a mandatory

minimum sentence constitutes a challenge to the legality of a sentence). "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Pombo*, 23 A.3d at 1157 (citation omitted).

Prior to imposing a mandatory minimum sentence, the Commonwealth must provide the sentencing court and the defendant a complete record of the defendant's previous convictions. 42 Pa.C.S. § 9714(d).

Appellant first argues, citing *Commonwealth v. Perkins*, 538 A.2d 930 (Pa. Super. 1988), that his mandatory minimum sentence is illegal because the Commonwealth failed to produce to Appellant in discovery a copy of his Virginia driver's license history evidencing a prior DUI conviction, and the court did not admit such a document as evidence at Appellant's sentencing hearing. Appellant's Brief at 22.

We are unpersuaded by Appellant's reliance on *Perkins*. In that case, the Commonwealth's only evidence of the defendant's prior conviction was the defendant's probation officer's statement that the defendant had admitted to having been convicted of DUI in New York. *Perkins*, 538 A.2d at 932-33. Importantly, in *Perkins*, "the Commonwealth did not introduce a record of the prior conviction[.]" *Id.* at 932. Noting that, "[o]ur Supreme Court has declared that the **trial court** is to be furnished with a complete record of a defendant's prior convictions," the *Perkins* court remanded for a hearing on this issue. *Id.* at 932-33 (emphasis added).

In the instant case, in response to Appellant's allegation of error, the trial court observed in its Rule 1925(a) Opinion that, "the Commonwealth did not enter the record into evidence." Trial Ct. Op., 3/24/17, at 2. However, the Notes of Testimony reflect that, unlike in **Perkins**, the Commonwealth presented Appellant's Virginia driving record to the court at the hearing on Appellant's Motion to Dismiss, and the court noted that it had "reviewed the [driving] record, found it credible and sufficient to support grading the DUI as a second offense."[5] **Id.**

Our review of the record indicates that the Commonwealth adequately complied with the mandate that it provide the trial court with a "complete record of [Appellant's] prior convictions." **See Perkins**, 538 A.2d at 932. Moreover, we note that, to the extent that Appellant complains that the Commonwealth did not produce his driving record to him in discovery, the record reflects that Appellant failed to file a Motion to Compel its production or a Motion for Sanctions to penalize the Commonwealth for its oversight. Appellant has not claimed that he was ever unaware of the Commonwealth's intent to treat the instant DUI as Appellant's second for sentencing

---

[5] The court did not address the significance, if any, of Appellant's counsel's claim that the Commonwealth did not produce this record to him in discovery. Our review of the transcript reveals that, after learning of the oversight in allegedly failing to produce the report, the Commonwealth offered to "certainly make sure that we get a copy of that to him." N.T., 11/1/16, at 9. There is no evidence in the record, and Appellant does not argue, that the Commonwealth did not provide him with a copy of the record after the hearing on his Motion.

purposes. Moreover, his counsel's strenuous argument at Appellant's Presentence Hearing, and again at his trial, against the "substantial similarity" between the Virginia and Pennsylvania DUI statutes belies Appellant's claim that he was unaware of the contents of his Virginia driving record. Accordingly, we conclude Appellant is not entitled to relief on his first issue.

In his second issue, Appellant claims that the trial court erred by supporting the second offense grading of his charges with its conclusion that the VA Code 18.2-266 is substantially similar to 75 Pa.C.S. § 3802. Appellant's Brief at 23. In support of this claim, Appellant baldly asserts that, because the Commonwealth failed to specify under which subsection of the Virginia statute the Virginia court convicted Appellant, "it was impossible for the [instant] sentencing court to engage in a comparison between the two statutes to determine if they are substantially similar." *Id.* at 23-24. Notably, Appellant does not argue that the court erred in its analysis of whether the statutes are "substantially similar," only that the court erred in engaging in the comparison of the statutes in the first instance.[6]

---

[6] In the context of 75 Pa.C.S. § 3806, when presented with statutes from different jurisdictions, the court must conduct an analysis to determine whether the statutes are "substantially similar." **See Pombo**, 23 A.3d at 1158-59 (discussing and applying the "substantial similarity" analysis to the DUI statutes of Pennsylvania and New York).

Appellant's argument is significantly underdeveloped. Appellant has advanced one legal theory in support of his claim, but has failed to support this theory with citation to any applicable case law. Furthermore, the citation to legal authority Appellant has included in his Brief is not binding on this Court and is factually and procedurally distinguishable from the instant matter.[7] Appellant's failure to develop his argument precludes this Court's meaningful review. *See Commonwealth v. Rush*, 959 A.2d 945, 950-51 (Pa. Super. 2008) (finding certain of the appellant's legality of sentence claims waived where the appellant failed to develop his arguments, thus precluding meaningful appellate review); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009) (same). Accordingly, we find this argument waived.

Judgment of Sentence affirmed. Jurisdiction relinquished.

---

[7] Appellant cites *Hunt v. Comm. Dep't of Trans., Bureau of Driver Licensing*, 750 A.2d 922 (Pa. Cmwlth. 2000). Appellant's Brief at 23. Appellant appears to cite *Hunt* only for the general proposition that, when comparing two statutes, the duty of the trial court is to determine whether the effect of the statutory language is substantially similar.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/12/2018