528 A.2d 146

**Mary C. HOLLMAN, Appellant,**

v.

**Wade Power HOLLMAN, Appellee.**

**Mary C. HOLLMAN, Appellant,**

v.

**Wade Power HOLLMAN, United States Steel and Carnegie Pension Fund, Appellees.**

Supreme Court of Pennsylvania.

Argued March 12, 1987.

Decided July 9, 1987.

Stewart B. Barmen, Rothman, Gordon, Foreman and Groudine, P.A., William P. Bresnahan, Pittsburgh, for Mary C. Hollman.

John M.R. Ayres, Ayres and Ayres, Johnstown, for Wade Power Hollman.

J. Michael Jarboe, Pittsburgh, for U.S. Steel and Carnegie Pension Fund.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

LARSEN,* Justice.

The issue presented for our consideration in this case is whether pension benefits are exempt from attachment by a

* This case was reassigned to this author on May 13, 1987.

former wife to satisfy arrearages in support payments which payments are based upon a support agreement entered into by the wife and her former husband who is the recipient of the pension fund.

Appellant, Mary Hollman, and appellee, Wade Hollman, were married in May, 1938. They separated in March, 1967, and two years later, they entered into a written separation agreement which provided that appellee would pay appellant $300.00 per month for her support. The parties were divorced in May, 1969. Appellee paid support as agreed and continued to do so after he retired in 1975. In November of 1978, however, appellee ceased making support payments and six months later, moved to Florida and removed all of his personal assets from Pennsylvania except for his pension which is disbursed to appellee by the United States Steel and Carnegie Pension Fund in the amount of $1,661.69 per month. This pension was established under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001–1461 (ERISA), and appellee's pension plan provides that benefits "shall not be subject ... to assignment."

Appellant brought two actions to enforce the support agreement. The first, an action in assumpsit for arrearages (Hollman I), was filed in the Court of Common Pleas, Civil Division. On April 13, 1981, that court entered a default judgment against appellee in the amount of $1,800.00. Appellee's pension benefits were attached pursuant to a writ of execution. Appellee contested the attachment, filing a claim for exemption from attachment pursuant to Pa.R.Civ.P. Rule 3123.1, which claim was dismissed. Appellee appealed this dismissal to Superior Court and continued to avoid his support obligation by failing to make monthly payments.

Appellant filed a second action in equity (Hollman II) to enforce the separation agreement. The Family Division of the Court of Common Pleas of Allegheny County entered an order on February 23, 1982, directing appellee to make monthly payments pursuant to the separation agreement

and directing that judgment be entered on the $9,600.00 in arrearages that had accrued since Hollman I. A second attachment was made against appellee's pension benefits, and the trustees of the pension plan raised the issue of the statutory exemption of the pension benefits from execution and attachment. The trial court dismissed appellant's judgment of attachment with prejudice.

On appeal, the two actions were consolidated. Superior Court affirmed the order entered in Hollman II and vacated the order entered in Hollman I, stating that appellant "must be treated as an ordinary creditor." Superior Court determined that although a former husband's pension fund could be attached pursuant to an order for support, it could not be attached pursuant to a judgment based on a separation agreement. We granted appellant's petition for allowance of appeal, and we now reverse.

Superior Court determined that under the terms of our exemption statute, 42 Pa.C.S.A. § 8124(b)(1)(vii), appellee's non-assignable pension benefits are not subject to attachment or execution. Section 8124(b)(1)(vii) provides:

**(b) Retirement funds and accounts.—**

(1) Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

. . . .

(vii) Any pension or annuity, whether by way of a gratuity or otherwise, granted or paid by any private corporation or employer to a retired employee *under a plan or contract which provides that the pension or annuity shall not be assignable.*

(emphasis added).

We were presented in *Young v. Young*, 507 Pa. 40, 488 A.2d 264 (1985), with a similar exemption statute which provided, in relevant part:

The compensation or pension herein mentioned shall not be subject to attachment or execution, and shall be pay-

able only to the beneficiary designated, and shall not be subject to assignment or transfer.

Act of June 23, 1931, P.L. 932, as amended, 53 P.S. § 39351.

In *Young,* we determined that the *scope* of the exemption from attachment granted by 53 P.S. § 39351 did not extend to the enforcement of an order whose "essential purpose" is to provide support for a present or former spouse. In the case before us, Superior Court sought to limit *Young* to its facts and meticulously detailed the "differences" between support *orders* and support *agreements.* In so doing, Superior Court has elevated form over substance.

What we stated in *Young* is equally applicable herein.

In defining the scope of the exemption from attachment granted by 53 P.S. § 39351, we are guided by the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1501 *et seq.* That act provides that the object of all statutory construction is to ascertain the intent of the legislature, and that the legislature's intent may be ascertained by considering the necessity for the statute, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation; that the legislature does not intend a result that is unreasonable, and intends to favor the public interest over any private interest; and that statutes such as 53 P.S. § 39351 "shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S.A. §§ 1921(a), (c)(1), (3), (4), (6); 1922(1), (5); 1928(c).

507 Pa. at 46, 488 A.2d at 267.

We concluded in *Young* that pension funds are protected by exemption statutes so that the beneficiaries *and their families* will be insulated from the claims of creditors, and that this Commonwealth has long had a policy of giving priority to the enforcement of support obligations. 507 Pa. at 48, n. 10, 488 A.2d at 267, n. 10.

In addition, I would note that we also have a policy of encouraging the amicable settlement of disputes without resort to a court of law. As Superior Court Judge Brosky cogently stated:

A contrary conclusion would put us in the position of compelling individuals, who are otherwise capable of amicably working out a support agreement between them, to each hire counsel and to go to court to seek a support order. The added expense and the injection of the adversarial process and the public exposure of private matters and the formality inherent in those procedures would be the inevitable, undesirable and unnecessary consequences of such requirements. This would also run counter to the laudable trend in family law of reducing litigiousness and encouraging informal resolution.[4]

---

4. Through, for example, mediation.

*Hollman v. Hollman*, 347 Pa.Super. 289, 315, 500 A.2d 837, 851 (1985) (Brosky, J., dissenting).

If we were to decide that appellee's pension cannot be attached on the basis of a support agreement, we would be inviting those former spouses who are similarly situated to cease paying support pursuant to support agreements which could not, by law, receive judicial imprimatur. Prior to enactment of our present Divorce Code in 1980, a support agreement could not be incorporated into a divorce decree. When Common Pleas Judge Wekselman (the trial judge herein) permitted attachment of appellee's pension, he stated that "it was not at all uncommon [before 1980] to induce spouses to forego divorce contests by entering into support agreements." *Hollman v. Hollman*, 130 P.L.J. 63, 64 (1981).

Appellant, Mary Hollman, and appellee were married for 29 years, separated for 2 years and divorced for 6 years before appellee retired. Thus, the bulk of appellee's pension was earned while appellee was married to appellant. As we stated in *Young:*

[A] family loses its ability to spend a portion of its income when that income is deferred and placed in a pension. It would be terribly unfair to read an exemption statute, which was created to protect a pension for the benefit of a retired employee's family, in such a way that the exemption would bar children or a former spouse from

receiving support from the very fund created for their benefit, and would once again deny them the benefits of the income they sacrificed to a pension years before. We do not believe that the legislature intended to create such an unreasonable result.

507 Pa. at 50, 488 A.2d at 269. *See also Rose v. Rose,* —— U.S. ——, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987) (some veteran's benefits must be used for child support because such benefits "are intended not only to benefit the veteran, but the veteran's family as well.").

Accordingly, we reverse the order of Superior Court, which reversed the order of the Court of Common Pleas of Allegheny County at No. GD81–11344, and which affirmed the order of the Court of Common Pleas of Allegheny County at No. FD81–10538.

NIX, C.J., filed a concurring opinion.

FLAHERTY, J., filed a dissenting opinion joined by ZAPPALA, J.

NIX, Chief Justice, concurring.

I joined the dissenting opinion of Mr. Justice Zappala in *Young v. Young,* 507 Pa. 40, 488 A.2d 264 (1985), because I was satisfied that the applicable statute, *see* Third Class City Code, 53 P.S. § 39351, expressed a clear intent to preclude the attachment of the pension fund. The majority in *Young,* in their wisdom, saw fit to ignore that clear legislative direction and permitted an attachment of such a fund on an *in personam* order of support payments, reduced to judgment. At this juncture I would agree that it would run afoul of the strong policy favoring amicable settlements, *see Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1987), to insist upon a distinction in this case. I therefore join in the result.

FLAHERTY, Justice, dissenting.

The statutes applicable to this case clearly direct that Mr. Hollman's pension fund be exempted from attachment, and

the majority chooses to ignore these statutes, as it also did in *Young v. Young,* 507 Pa. 40, 488 A.2d 264 (1985), apparently on the theory that it would be inequitable to do otherwise.

In *Young v. Young,* supra., a majority permitted the attachment of a pension fund based on an *in-personam* court-ordered support payment, reduced to a judgment for arrearages, even though the applicable statute, 53 P.S. § 35101, et. seq., plainly said that the fund was not attachable. I and two other members of the Court dissented. In the present case, Mr. Hollman's pension fund is governed by a different statute, 42 Pa.C.S.A. § 8124(b)(1)(vii), although that statute too provides that Wade's fund is unattachable.[1]

The cases are different, however, in that the present case, unlike *Young,* does not involve an *in personam* order requiring Mr. Hollman to pay support, but rather, an *in rem* order for arrearages on a contract of support.[2] The significance of this distinction is that if the present case had involved an *in personam* order, it would arguably have been controlled by *Young,* but in the absence of an *in personam* order it is not. Since *Young* is not controlling

1. The applicable statute provides:
   The following personal property of the judgment debtor shall be *exempt from attachment or execution on a judgment:*

   *       *       *       *       *       *

   (b) Retirement funds and accounts.—
   (1) Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

   *       *       *       *       *       *

   (vii) *Any pension* or annuity, whether by way of a gratuity or otherwise, *granted or paid by any private corporation or employer* to a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable.
   42 Pa.C.S.A. § 8124(b)(1)(vii). (Emphasis added.) Since Mr. Hollman's fund is paid by a private employer and is not assignable, the plain language of the statute requires that it be exempt from attachment.

2. An *in personam* order was entered in "Hollman II," ordering Mr. Hollman to pay $300 a month, but that order is not the subject of this appeal. At issue in this appeal is the *in rem* judgment for the arrearages.

and since there is no statutory exception to the unattachability of the fund, Mr. Hollman's pension fund clearly should not be attached.[3]

The majority is troubled by the fact that prior to the Divorce Code of 1980, there was no method by which a support agreement could be incorporated into a divorce decree, thus leaving persons like Mrs. Hollman to a contract remedy on her separation agreement rather than an action to enforce a court decree. In other words, Mrs. Hollman's remedy in this case would be to bring an assumpsit action on the separation agreement and to seek enforcement in Florida, her former husband's current residence. Admittedly, such a course of action is more cumbersome and perhaps more expensive than attaching the pension fund based on an *in rem* order, but that is what the pre–1980 law requires.

Like the majority, I too am troubled by this statutory scheme, but that is the statutory scheme applicable to this case, and it is our duty, barring constitutional shortcomings in the relevant statutes, to uphold and apply it. If there is, from some points of view, an injustice in such a method of collecting arrearages in support payments, it is an injustice which the legislature has distinctly instructed us to perform. Thus, in the absence of a constitutional challenge, I

---

**3.** A statutory exception to the prohibition against attachment appears at 48 P.S. § 136, but it does not apply to the Hollman case. The statute provides:

> Whenever any court of competent jurisdiction *has made an order or entered a decree or judgment against any husband requiring him to pay any sum or sums for the support of his wife or children or both,* the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce said order, decree, or judgment, and the *said court may issue a writ of attachment execution,* or writ in the nature of attachment execution, against any money or property to which said husband is entitled....

Act of May 10, 1921, P.L. 434, § 1, 48 P.S. 136. (Emphasis added.) The statutory exception found in this section does not apply to Hollman because Hollman does not involve an *in personam* order, but instead an *in rem* order, and because there is no husband and wife, but rather a *former* husband and wife.

would leave the wisdom of the pre–1980 divorce law to the legislature, where it belongs, and affirm.

ZAPPALA, J., joins this dissenting opinion.