532 A.2d 1172

COMMONWEALTH of Pennsylvania

v.

**Eugene M. BOLDEN, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1987.

Filed Oct. 13, 1987.

William L. Howard, Malvern, for appellant.

Glenn E. Davis, Assistant District Attorney, West Chester, for Com., appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

CERCONE, Judge:

The question for decision in this appeal is whether the sentencing court correctly scored a prior foreign state conviction in calculating the prior record score of the appellant. We conclude that the court below did assign the correct prior record score to the appellant's out-of-state conviction and therefore affirm the judgment of sentence. The pertinent facts and our analysis follow.

Appellant was convicted of burglary,[1] attempted rape,[2]

1. 18 Pa.C.S.A. § 3502
2. *Id.* § 901

indecent assault[3] and simple assault[4] on May 23, 1985 following a jury trial. After denying appellant's post-verdict motions, the trial court sentenced appellant on October 16, 1986 to period of incarceration of 5–10 years for attempted rape and 2–4 years concurrently for burglary.[5] In calculating appellant's prior record score for purposes of sentencing, the trial court assessed two points for a previous conviction of burglary in Pennsylvania and two additional points for a prior conviction of attempted burglary in Colorado.[6] Based upon a total prior record score of four points, appellant was sentenced within the minimum ranges of the Sentencing Guidelines.[7] A Motion for Reconsideration and/or Modification of Sentence filed by appellant was denied by the sentencing court on January 2, 1987. This timely appeal followed.

On appeal, appellant avers that the sentence imposed was illegal, excessive and outside of the Sentencing Guidelines. Specifically, he asserts that the trial court improperly applied section 303.7(d) of the guidelines relating to out-of-state, federal, or former Pennsylvania offenses. Section 303.7(d) of the guidelines provides:

> A prior out-of-state or Federal conviction or adjudication of delinquency, or a prior conviction or adjudication of delinquency under former Pennsylvania law, is scored as a conviction for the current equivalent Pennsylvania offense. When there is no current equivalent Pennsylvania offense, prior out-of-state or Federal convictions or adjudications of delinquency are scored as non-weapons misdemeanors. When there is no current equivalent Pennsylvania offense to a conviction or adjudication of delinquency under prior Pennsylvania law, apply subsection (h).

3. *Id.* § 3126
4. *Id.* § 2701
5. The convictions for indecent assault and simple assault were merged as lesser included offenses for sentencing purposes.
6. Colo.Rev.Stat. § 18–2–101.
7. 42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.1–303.9.

204 Pa.Code § 303.7(d) (effective June 5, 1986). Since appellant was convicted on May 21, 1983, however, his prior record score was based upon the original version of section 303.7(d) which stated: "The scoring of prior out-of-state offenses is governed by application of Pennsylvania statutory offense classifications and definitions." *Id.* (effective July 22, 1982 to January 1, 1986). The Sentencing Commission has commented that this section was expanded to its present version in order "to provide greater clarity and precision" in calculating the prior record score. Pa.C. Sent. 2d (September 1, 1986) at 59. The Commission has further observed that the amendment to section 303.7(d) "did not change the procedure for scoring these offenses." *Id.* We accordingly determine that the same standard of construction applies to both the present and former versions of section 303.7(d).

■ In order to properly construe the Sentencing Guidelines, we must be guided by the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.*

> That act provides that the object of all statutory construction is to ascertain the intent of the legislature, and that the legislature's intent may be ascertained by considering the necessity for the statute, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation; that the legislature does not intend a result that is unreasonable, and intends to favor the public interest over any private interest; and that statutes such as 53 P.S. § 39351 "shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S.A. §§ 1921, (c)(1), (3), (4), (6); 1922(1), (5); 1928(c).

*Hollman v. Hollman,* 515 Pa. 288, 528 A.2d 146 (1987). The legislative history of the Sentencing Guidelines indicates that they were developed with the goals of promoting uniformity and fairness in sentencing[8]. Consonant with these goals, the Commission observed that

**8.** *See* Pa. House Leg.J., Sept. 21, 1978, at 3130 ("The purpose of the amendment is to make criminal sentences more rational and consistent, to eliminate unwarranted disparity in sentencing, and to restrict the unfettered discretion we give to the sentencing judges.") (Rep.

[f]airness required that the prior record score include convictions and adjudications of delinquency from other states and from the United States courts, even though a rule on this topic will sometimes be cumbersome to apply. To do otherwise would have treated some defendants as first offenders merely because they had committed their crimes in another jurisdiction. In addition, failing to provide a rule would have resulted in differing interpretations and inconsistency about how these prior convictions and adjudications are considered.

Pa.C. Sent. 2d (September 1, 1986) at 59. In drafting section 303.7(d), of the guideline, moreover, the Commission recognized that criminal conduct may be characterized differently by various jurisdictions. *Id.* We find, for instance, no uniform national definition of "felony" and "misdemeanor." W. LaFave & A. Scott, *Handbook on Criminal Law*, § 6, at 26–27 (1972). Nevertheless, the Sentencing Commission "considered it important to count all non-Pennsylvania crimes systematically...." Pa.C. Sent. 2d (September 1, 1986) at 59. To this end, the Commission instructed:

> In order to ensure that the guidelines provided instruction about scoring foreign convictions consistently, the commission decided to use "the current equivalent Pennsylvania offense" as the standard for scoring. Whenever possible, prior foreign convictions and adjudications of delinquency are to be scored *in the light of Pennsylvania law*, although the commission recognizes the difficulties in establishing the equivalence of statutes.[9]

Scirica); Pa.Sen.Leg.J., Apr 8, 1981, at 401 ("[W]e ... create[d] a set of guidelines ... that would insure ... to shrink the disparity between sentences ... [and] ... to create sentencing guidelines with ranges of sentencing....") (Sen. Gekas). For a discussion of the policies and legislative history of the guidelines, see generally Martin, *Interests and Policies in Sentencing Reform: The Development of Sentencing Guidelines in Minnesota and Pennsylvania,* 29 Vill.L.Rev 21 (1984).

**9.** In the alternative,
[t]he commission considered: (1) using the grade of the offense in the jurisdiction of conviction, or (2) assigning the Pennsylvania grade that was equivalent to the maximum penalty for the crime in the foreign jurisdiction or which corresponded to the sentence

*Id.* (emphasis added). Thus, when calculating a prior record score based upon a foreign state conviction, a conviction under federal law or a conviction for an offense under a former Pennsylvania law, we are required to score such a conviction as we would a "current equivalent Pennsylvania offense." 204 Pa.Code § 303.7(d). In those instances where there is no current equivalent offense under Pennsylvania law—either as a result of the difference between federal and state jurisdiction or because of the lack of conformity between different states' methods of categorizing offenses—the prior out-of-state crime is to be scored as a non-weapons misdemeanor. The focus of our analysis in this matter then is to determine if an out-of-state crime for which the appellant is convicted comes within the definition of an equivalent crime in Pennsylvania and the proper procedure for determining what constitutes an equivalent Pennsylvania offense.

■ In assessing the quality of a prior conviction in a foreign jurisdiction, we discern from the purpose and language of the guidelines that it was the intent of the Sentencing Commission as well as the legislature that offense equivalency be considered in terms of the nature and definition of the offense in light of the record of the foreign conviction.[10] This approach requires a sentencing court to

> actually imposed. However, these solutions would have been inequitable because jurisdictions disagree on offense seriousness and on terminology (for example, in some places a felony is defined as a crime punishable by a year or more) and states differ in their sentencing patterns. If the commission had adopted this rule, defendants would have scored differently depending on where they committed their past crimes. This would contravene the expressed intent of the guidelines to reduce disparity.
> Pa.C. Sent. 2d (September 1, 1986) at 59.

**10.** The only other reported appellate opinion which construed section 303.7(d) involved a prior conviction under a repealed statute. In *Commonwealth v. Maleno,* 348 Pa.Super. 426, 502 A.2d 617 (1985), the defendant was convicted of simple and aggravated assault. In computing the sentence, the trial court assigned a prior record score of one to defendant's robbery conviction under a former Pennsylvania statute. That statute contained only one grading of robbery as a first degree felony which was entitled under the guidelines to a score of three. This court held that the trial court had incorrectly valued the

carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum*, or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, *e.g.* protection of the person or protection of property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which form the basis of liability.

Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code [11] for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared with Pennsylvania offense. The record of the foreign conviction will be relevant also when it is necessary to grade the offense under Pennsylvania law or when there are aggravating circumstances. Where there is no equivalent offense, the prior foreign conviction is scored as a current Pennsylvania non-weapons misdemeanor in accordance with section 303.7(h). 204 Pa.Code § 303.7(h) (relating to incomplete prior records for Pennsylvania convictions).

In the instant case, the sentencing court concluded that appellant had been convicted in Colorado of attempted second degree burglary and that the current equivalent Pennsylvania offense was criminal attempt (burglary). We begin our analysis by considering the elements and definition of the Colorado offense.

prior conviction by referring to the more recent robbery statute which provided far lesser grades. The court did not articulate a method of determining offense equivalency but held that there was no justification for the lower court's translation of the previous felony-one grade conviction into a lesser category.

11.  18 Pa.C.S.A. § 101–9183.

■ As indicated by the record, appellant pleaded guilty in Colorado to criminal attempt and burglary in the second degree. In Colorado,

> [a] person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actors' purpose to complete the commission of the offense.

Colo.Rev.Stat. § 18–2–101(1).[12] A person commits a second degree burglary in Colorado "if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property." *Id.* § 18–4–203(1).[13]

By way of comparison, in Pennsylvania "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901. Although the Crimes Code does not define "substantial step," our courts have focused on what measures the actor has already undertaken in pursuance of the crime which indicate his or her resolve toward the commission of that crime. *See Commonwealth v. Fairell,* 476 Pa. 128, 381 A.2d 1258 (1977); *Commonwealth v. Carter,* 329 Pa.Super. 490, 478 A.2d 1286 (1984); *Commonwealth v. Gilliam,* 273 Pa.Super. 586, 417 A.2d 1203 (1980); *Commonwealth v. Corbin,* 251 Pa.Super. 512, 380 A.2d 897 (1977). A person commits a burglary in Pennsylvania "if he enters a building

**12.** For cases applying this section, see *People v. Derrera,* 667 P.2d 1363 (Colo.1983) (defining criminal attempt); *People v. Ledman,* 622 P.2d 534 (Colo.1981) (analyzing the "substantial step" requirement); *Allen v. People,* 175 Colo. 113, 485 P.2d 886 (1971) (discussing intent to commit a specific crime); *Johnson v. People,* 174 Colo. 413, 484 P.2d 110 (1971) (defining the overt act requirement).

**13.** For cases applying this section, see *People v. Diaz,* 182 Colo. 369, 513 P.2d 444 (1973) (observing that the actor must have no lawful right to be in the building); *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972) (noting the requirement of specific intent).

or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S.A. § 3502(a).[14] Burglary is graded as "a felony of the first degree." *Id.* § 3502(c). "An attempt ... to commit ... a felony of the first degree is a felony of the second degree." *Id.* § 905(a).

Our comparison of the Colorado and Pennsylvania penal statutes leads us to the conclusion that the court below was correct in deciding that criminal attempt (burglary) was the current equivalent Pennsylvania offense to appellant's Colorado conviction for attempted second degree burglary. Both the Colorado and Pennsylvania criminal attempt statutes share identical elements as to the *actus reus*—a substantial step toward the commission of the underlying crime—as well as to the *men rea*—specific intent to commit the underlying offense. Additionally, we are satisfied that the underlying specific offense of burglary is equivalent in Colorado and Pennsylvania. Both statutes require an entry into or occupation of a building or occupied structure with the specific intent to commit a crime therein. Once again, there is identity of both nature and definition and therefore offense equivalency. Since the fundamental inquiry is to the elements of the offense, it is irrelevant that Pennsylvania has but one grade for burglary.

Application of the Pennsylvania Sentencing Guidelines yields a prior record score of two for the Colorado conviction. 204 Pa.Code § 303.7(b)(2)(ii). This was the calculation made by the court below and we find that the prior record score was correctly determined. Since the prior record score is correct and the sentence imposed was within the guidelines the sentence is neither excessive nor illegal. Hence, the judgment of sentence is affirmed.

**14.** For cases applying this section, *see Commonwealth v. Tessel,* 347 Pa.Super. 37, 500 A.2d 144 (1985); *Commonwealth v. Atkins,* 232 Pa.Super. 206, 335 A.2d 375 (1975); *Commonwealth v. Garrett,* 229 Pa.Super. 459, 323 A.2d 314 (1974).