J-S40025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEITH SPENNY, | : | |
| | : | |
| Appellant | : | No. 1974 WDA 2014 |

Appeal from the Judgment of Sentence October 15, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-CR-0000766-2014
and CP-25-CR-0000770-2014

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                     **FILED JULY 8, 2015**

Brian Keith Spenny ("Spenny") appeals from the October 15, 2014 judgment of sentence entered by the Erie County Court of Common Pleas. Counsel for Spenny has filed an **_Anders_**[1] brief and a motion to withdraw. Upon review, we conclude that one of the issues raised by counsel in her **_Anders_** brief is not frivolous.  We therefore remand the case for the filing of a supplemental concise statement of errors complained of on appeal ("1925(b) statement"), a supplemental opinion by the trial court ("1925(a) opinion"), and an advocate's brief by counsel on Spenny's behalf.

---

[1]  **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

*Retired Senior Judge assigned to the Superior Court.

On September 8, 2014, Spenny pled guilty to two counts of conspiracy to commit robbery of a financial institution.[2]  A presentence investigation report ("PSI") was prepared, revealing that Spenny had numerous theft-related prior convictions from Arizona, New York, and federal offenses for acts committed in Florida, Iowa and Illinois.  On October 15, 2014, the trial court sentenced Spenny to two consecutive terms of forty-five to ninety months of incarceration, which were to run consecutively to sentences Spenny was facing for parole violations in the State of New York.[3]  Counsel, on behalf of Spenny, filed a timely motion to reconsider his sentence on October 20, 2014.  Therein, Spenny alleged that the PSI used by the trial court was incorrect, as "many of the out of state offenses were graded higher than [they should have been]" and some of his prior sentences included in the PSI ran concurrently.  Motion to Reconsider Sentencing, 10/20/14, ¶¶ 4-5.  Spenny also asserted that the trial court failed to adequately consider his cooperation with the Commonwealth in unrelated criminal matters.  He thus requested that the trial court resentence him to two concurrent terms of imprisonment.

On October 29, 2014, believing that counsel had abandoned him, Spenny filed a pro se notice of appeal, which the trial court's prothonotary

---

[2]  18 Pa.C.S.A. §§ 903(a), 3701(a)(1)(vi).

[3]  As the issues raised on appeal solely pertain to the trial court's calculation of Spenny's sentence, a recitation of the facts underlying Spenny's convictions is unnecessary.

docketed and sent to counsel pursuant to Pa.R.Crim.P. 576(A)(4). The trial court denied Spenny's post-sentence motion on November 4, 2014, concluding that although there were modifications that needed to be made to the PSI, Spenny was not entitled to be resentenced as "the original guideline computation for the mitigated, standard and aggravated ranges remains unchanged." Trial Court Order, 11/4/14, at 1 n.1.

Thereafter, counsel for Spenny filed a timely notice of appeal and complied with the trial court's order for the filing of a 1925(b) statement. The trial court issued a responsive 1925(a) opinion on January 2, 2015.

Before we address the merits of Spenny's appeal, we must discern whether counsel has complied with *Anders* and *Santiago*:

> The request by appointed counsel to withdraw pursuant to *Anders* triggers specific requirements, certain of which apply to appointed counsel and others to the court to which appointed counsel makes his or her request for withdrawal. These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). This Court has summarized these requirements as follows:
>
> > Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues

necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

*Id.* (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 354 n.5.

*Commonwealth v. Flowers*, __ A.3d __, 2015 WL 1612010, **1-2 (Pa.

Super. Apr. 10, 2015).

- 4 -

Our review of counsel's **Anders** brief and petition to withdraw confirms that she complied with the foregoing requirements. Having received no additional filings from Spenny, we turn to address the issues raised by counsel:

> [1.] Did the lower court commit reversible error in that its sentence was manifestly extreme and clearly unreasonable, particularly in its consecutiveness, and not individualized as required by law?
>
> [2.] Did the lower court abuse its discretion when it considered information that was on the [PSI] that [Spenny] asserts was incorrect in that (1) many of the prior offenses had been run concurrently to each other and (2) the out of state offenses listed on the [PSI] were graded higher than they should have been?

**Anders** Brief at 1-2.

The issues raised challenge the discretionary aspects of Spenny's sentence, which, as counsel recognizes, is not subject to our review as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. **Commonwealth v. Tejada**, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted).

Our review of the record reveals that Spenny preserved the issues he now seeks to raise on appeal in his post-sentence motion, timely filed his

notice of appeal, and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief on appeal. His Rule 2119(f) statement states only that the trial court "did not individualize the sentence for Mr. Spenny," but he includes no citation indicating that this is a substantial question for our review. *Anders* Brief at 4. Moreover, this claim does not fully encompass the two issues Spenny seeks for us to review on appeal. Nonetheless, because this is an *Anders* brief, we overlook any deficiency in the Rule 2119(f) statement and review the issues raised. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). We now proceed to determine if the issues raised on appeal present substantial questions for our review, and if so, to review the merits of the arguments made in support.

In his first issue, Spenny asserts that the trial court abused its discretion by running his sentences consecutively rather than concurrently, resulting in a manifestly excessive sentence. *See* King's Brief at 10-11. Recently, in *Commonwealth v. Caldwell*, ___ A.3d ___, 2015 WL 3444594 (Pa. Super. May 29, 2015), an en banc panel of this Court addressed whether this raises a substantial question:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* at *3 (internal citations omitted, emphasis in the original).

In support of this claim, counsel for Spenny asserts that by running the two sentences consecutively, the aggregate sentence was "manifestly excessive and clearly unreasonable," as the court failed to consider the facts before it: Spenny's "health problems"; his addiction to pain medication and heroin; his completion of a drug and alcohol program; his cooperation with the Commonwealth in unrelated criminal matters; and his acceptance of responsibility and remorse for his actions. *Anders* Brief at 5-6. As Spenny couches his claim of an excessive sentence in terms of the trial court's failure to consider mitigating factors, he raises a substantial question for our review. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014).

Our standard of review is well settled. We will not reverse a trial court's sentencing decision absent a manifest abuse of its discretion. *Id.* This is more than a mere error in judgment. *Id.* "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality,

prejudice, bias or ill will, or arrived at a manifestly unreasonable decision."

***Id.***

The record reflects that the trial court reviewed and considered Spenny's PSI when fashioning his sentence. N.T., 10/15/14, at 11. When a court is so informed, we presume that the court properly considered and weighed all relevant factors in sentencing the defendant. ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). Furthermore, the trial court expressly stated that it considered all of the factors Spenny claims the trial court ignored. N.T., 10/15/14, at 11-12. Spenny was convicted of perpetrating two separate bank robberies on two separate days. N.T., 9/8/14, at 9-11. This Court has long said that a defendant is not entitled to "a 'volume discount' for his crimes by having all sentences run concurrently." ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995). We therefore agree with counsel that this issue is wholly frivolous.

The second issue raised in counsel's ***Anders*** brief addresses alleged errors in the PSI, which Spenny contends improperly subjected him to a higher guideline range because of the incorrect calculation of his prior record score. ***Anders*** Brief at 6-7. Spenny asserts that some of his sentences were run concurrently with one another, not consecutively, which the lower court failed to consider. ***Id.*** at 6. Spenny further argues that many of his New York convictions were improperly graded as second-degree felonies ("F2s"), as opposed to third-degree felonies ("F3s"), as the convictions did

not match a specific crime in Pennsylvania.[4]  ***Id.*** at 6-7.  This raises a substantial question for our review, and we therefore proceed to address the issue on its merits.  ***See Commonwealth v. Janda***, 14 A.3d 147, 165 (Pa. Super. 2011) ("improper calculation of a prior record score based on out-of-state offenses raises a substantial question").

The trial court found that Spenny was not entitled to resentencing:

> Upon review of [Spenny]'s motion, this [c]ourt undertook further review with the Erie County Adult Probation Department concerning the guideline computations in this case …. After that review, it was discovered that some corrections/modifications had to be made, but they do not work to [Spenny]'s benefit.  I will now explain.
>
> [Spenny] has six prior robbery convictions, five that occurred in the state of New York involving financial institutions which have been properly classified as felonies of the second degree for our purposes. In addition, he has a 1986 Arizona conviction for armed[]robbery of a service station which should have been scored as a felony of the first degree, but was scored as a felony of the second degree.  Accordingly, he received a benefit to which he was not entitled at the time that the original [PSI] was prepared. Continuing, [Spenny] has a prior 2000 New York conviction for grand larceny that was originally scored as a felony of the

---

[4]  We observe that counsel for Spenny failed to include this argument in her 1925(b) statement.  ***See*** Statement of Matters Complained of on Appeal, 12/23/14, at 2.  Although this would typically result in waiver, Pa.R.A.P. 1925(b)(4)(vii), because this issue is raised in an ***Anders*** brief and we conclude that the issue is not frivolous, it is not waived.  ***See*** Pa.R.A.P. 1925(c)(4) ("If, upon review of the ***Anders***[] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both.").

second degree, but should have been scored as a felony of the third degree. The upshot of this is that [Spenny] has six prior convictions which are properly scored as felonies of the second degree. This places him in the RFEL category (repeat felony 1 and felony 2 offender). Therefore, the original computation for the mitigated, standard and aggravated ranges remains unchanged. It follows, then, that [Spenny] is not entitled to relief.

The supplemental [PSI] deviates from the original [PSI] only in these respects: (1) the numerical calculation (but not the result) of the prior record score; and (2) the reference concerning the grand larceny conviction found at the bottom of page [five] of the [PSI]. Although the grand larceny sentence was imposed concurrently to another sentence, it was done so at a separate sentencing proceeding. Therefore, it was properly counted separately.

Trial Court Order, 11/4/14, at 1-2 nn.1-2 (footnote numbers omitted). In reliance upon these conclusions reached by the trial court and without citation to any authority, counsel states in her **Anders** brief that the issue advanced by Spenny is frivolous. We disagree.

When sentencing a criminal defendant convicted of a felony and/or misdemeanor, the trial court must consider, inter alia, the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. 42 Pa.C.S.A. § 9721(b); 204 Pa. Code 303.1(a). To determine the guideline sentence for each conviction, the trial court must establish the offense gravity score and, of relevance to this appeal, the defendant's prior record score. 204 Pa. Code § 303.2(a). The prior record score is based upon the number and type of prior convictions each defendant has on his or her

criminal record. 204 Pa. Code. § 303.4(a). Each prior conviction is given a point value ranging between one and four points. ***See generally*** 204 Pa. Code. § 303.7. A higher prior record score yields a higher guideline sentence, up to a maximum of six points. ***See generally*** 204 Pa. Code. § 303.16(a). The maximum prior record score is five points. 204 Pa. Code. § 303.4(a)(3). Defendants who have prior convictions for first- and second-degree felonies that total six or more points are separately categorized as "repeat offenders" or "RFEL," which further increases the guideline sentence. 204 Pa. Code § 303.4(a)(2); 204 Pa. Code. § 303.16(a).

If a defendant was sentenced for a single conviction at a prior judicial proceeding, the conviction is counted in the calculation of a defendant's prior record score. 204 Pa. Code. § 303.5(a). If there were multiple convictions arising from a single sentencing proceeding, the most serious offense is included in the prior record score calculation, as is any other offense for which the defendant received consecutive sentences. 204 Pa. Code. § 303.5(b). Prior convictions for which the trial court ordered the sentences to run concurrently with the most serious offense are not included in the calculation of the prior record score. ***Janda***, 14 A.3d at 165.

A prior conviction from another state court, federal court, or foreign jurisdiction "is scored as a conviction for the current equivalent Pennsylvania offense." 204 Pa. Code. § 303.8(f)(1). If there is no current Pennsylvania equivalent, the trial court must base the grading of the crime on the

- 11 -

maximum sentence allowed; if the grade of the prior felony conviction is unknown, it must be treated as an F3. 204 Pa. Code. § 303.8(d)(2), (f)(3). To determine whether there is an equivalent Pennsylvania offense to the out-of-state conviction, our Supreme Court has adopted the following test first announced by this Court in **Commonwealth v. Bolden**, 532 A.2d 1172 (Pa. Super. 1987):

> In assessing the quality of a prior conviction in a foreign jurisdiction, we discern from the purpose and language of the guidelines that it was the intent of the Sentencing Commission as well as the legislature that offense equivalency be considered in terms of the nature and definition of the offense in light of the record of the foreign conviction. This approach requires a sentencing court to carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum,* or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, *e.g.* protection of the person or protection of property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime – the *actus reus* and *mens rea* – which form the basis of liability.
>
> Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared with Pennsylvania offense. The record of the foreign conviction will be

> relevant also when it is necessary to grade the offense under Pennsylvania law or when there are aggravating circumstances.

*Id.* at 1175-76 (footnotes omitted); *see Commonwealth v. Shaw*, 744 A.2d 739, 743 (Pa. 2000); *Commonwealth v. Northrip*, 985 A.2d 734, 740 (Pa. 2009).[5] According to the *Bolden* Court, "the fundamental inquiry is to the elements of the offense[.]" *Bolden*, 532 A.2d at 1177.

Regarding Spenny's New York convictions, the trial court states that it counted five of these prior convictions in determining Spenny's prior record score when classifying him as a "repeat offender." Trial Court Order, 11/4/14, at 1 n.1. It further states that "the grand larceny conviction found at the bottom of page [five] of the [PSI] … was imposed … at a separate sentencing proceeding," and therefore "was properly counted separately." *Id.* at 2 n.2. Addressing the latter conclusion first, our review of the record reveals that "at the bottom of page [five] of the [PSI]," Spenny has two convictions for grand larceny in the third degree[6] in Ontario County, New York, but nothing in the PSI suggests that he was sentenced at a separate sentencing proceeding for either of these convictions. *See* PSI at 5. Rather,

---

[5] Although the test enunciated in *Bolden* was based upon a prior version of the Code, the relevant language requiring that a prior conviction from another jurisdiction "is scored as a conviction for the current equivalent Pennsylvania offense" remains unchanged in the current, amended version. *Compare* 204 Pa. Code § 303.7(d) (effective June 5, 1986 to Aug. 12, 1994) *with* 204 Pa. Code § 303.8(f)(1) (effective Sept. 26, 2014).

[6] N.Y. Law §§ 155.35.

the PSI states that the Ontario County trial court sentenced Spenny to five counts, including the two grand larceny convictions, at a single sentencing hearing held on February 23, 2000. *Id.* Furthermore, the amended PSI has both grand larceny convictions scored as F3s, and thus, for purposes of calculating Spenny's prior record score, neither offense counts towards his designation as a "repeat offender." *See id.*; 204 Pa. Code § 303.4(a)(2).

The record likewise does not support the trial court's first conclusion – that five of Spenny's prior convictions from New York counted towards his classification as a "repeat offender." Rather, only four of his New York convictions could even arguably have been counted in finding that Spenny was a "repeat offender," if at all. The PSI states that Spenny was sentenced in a single judicial proceeding for six convictions in Monroe County, New York – three for robbery in the third degree[7] and three for grand larceny in the third degree. PSI at 5. He received a sentence of imprisonment for the first count of robbery and concurrent terms of imprisonment for the remaining convictions. *Id.* Thus, this constitutes one prior conviction in calculating Spenny's prior record score. *Janda*, 14 A.3d at 165. This conviction, graded as an F2 in the PSI, also counted towards Spenny's classification as a "repeat offender." 204 Pa. Code. § 303.4(a)(2).

---

[7] N.Y. Law § 160.05.

Spenny was convicted of robbery in the third degree and escape after felony arrest[8] in Seneca County, New York, but only the robbery charge was graded as an F2. PSI at 5. Thus, only one charge counts towards the calculation of Spenny as a "repeat offender." 204 Pa. Code § 303.4(a)(2).

Lastly, as stated above, Spenny was sentenced on five convictions in Ontario County, New York at a single judicial proceeding. His charges included two counts of robbery in the third degree, both scored as F2s, two counts of grand larceny in the third degree, scored as F3s, and one count of attempted robbery in the third degree, graded as an F2. PSI at 5. He received consecutive sentences for the two F2 robbery convictions and the F3 grand larceny conviction. *Id.* Thus, for purposes of calculating Spenny's prior record score as a "repeat offender," there were only two convictions. 204 Pa. Code. §§ 303.4(a)(2), 303.5(b); *Janda*, 14 A.3d at 165.

Moreover, conducting an element-by-element analysis of the New York convictions for robbery in the third degree with the Pennsylvania robbery statute raises a question of the proper grading of those convictions for prior record score purposes. *See Bolden*, 532 A.2d at 1175-76, 1177. The trial court provides no indication as to what offenses it deemed to be Pennsylvania equivalents for Spenny's New York convictions. Indeed, despite the fact that Spenny raised this issue both in his post-sentence

---

[8] N.Y. Law § 205.10.

motion and on appeal, the trial court does not state what it determined to be the Pennsylvania equivalent for any of Spenny's prior convictions.

As we conclude that the appeal is not wholly frivolous, we remand this case pursuant to Pa.R.A.P. 1925(c)(4) for counsel to file a supplemental Pa.R.A.P. 1925(b) within twenty-one days of this decision.[9] The trial court shall issue a supplemental 1925(a) opinion within thirty days thereafter. Counsel for Spenny shall then have forty days from the date of the filing of the trial court's supplemental 1925(a) opinion to file an advocate's brief on Spenny's behalf. The Commonwealth shall thereafter file its responsive brief within thirty days.

Case remanded with instructions. Motion to withdraw denied. Panel jurisdiction retained.

Strassburger, J. joins the Memorandum.

Ford Elliott, P.J.E. notes her dissent.

---

[9] Pursuant to Rule 1925(c)(4), the trial court may, but is not required to, appoint new counsel to represent Spenny. Pa.R.A.P. 1925(c)(4).