**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN WARREN TAYLOR, | : | |
| | : | |
| Appellant. | : | No. 796 MDA 2018 |

Appeal from the Judgment of Sentence, April 10, 2018,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0002021-2016.

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED FEBRUARY 14, 2019**

Steven Taylor appeals from the judgment of sentence imposed after jury convicted him of the attempted delivery of a controlled substance and criminal use of a communication facility.[1] Although we affirm Taylor's convictions, we vacate his sentence and remand with instructions.

The trial court summarized the pertinent facts and procedural history as follows:

> The testimony at trial revealed that on March 7, 2016, Detective Nicholas Licata, a 10-year veteran with the Harrisburg City Police Department, arranged for a confidential informant ("CI") to buy drugs from [Taylor]. Detective Licata met with the CI and arranged for the CI to call a drug dealer in order to arrange a drug buy of two bundles worth $130. The drug dealer had the CI meet him

---

[1] 18 Pa.C.S.A §§ 901 and 780-113(a)(30), and 18 Pa.C.S.A. § 7512(a), respectively.

at 13th and Vernon in Harrisburg, PA. [Detective Licata was able to listen to the phone conversation between the CI and the drug dealer and wrote down the number that was called.] The CI was searched, given money to purchase the drugs, and driven to the meeting location by Detective Licata. [Detective Licata took a photograph of the marked money prior to handing it to the CI. The Commonwealth introduced as Commonwealth's Exhibit 1 photographs of the money.] When Detective Licata and the CI arrived at the meeting location, Detective Licata watched the CI dial the same number that was used to set up the drug buy. An individual wearing a red t-shirt and blue jeans answered the call and indicated that he was at the location.

At this time, the CI walked to meet the male in the red shirt. After a few minutes, they walked back towards where Detective Licata was parked and walked out of his view. Roughly two to five minutes later, the CI and [Taylor] [walked] back to Detective Licata's view. However, at this time, surveillance had been blown/compromised and [Taylor] was arrested for attempt to deliver a controlled substance. [The CI was also arrested at this time.] Both the CI and [Taylor] were searched. There was nothing found on the CI. [Taylor] had on his person a cell phone, pocket knife, and $53. Some of the bills had the same serial numbers as previously photographed by Detective Licata. On cross-examination, Detective Licata indicated that no drugs or drug paraphernalia was found on [Taylor] when arrested.

The Commonwealth also introduced the testimony of Donald Heffner ("Heffner"), employed by the Pennsylvania Office of the Attorney General in the Bureau of Narcotics Investigation. At the time of the incident, Heffner was employed in the vice unit with the Harrisburg City Police Department. Heffner was part of the surveillance team on March 7, 2016 and testified to the events that occurred that day. Through Heffner, the Commonwealth introduced a [seven-second] video of the CI and [Taylor]. Much of the testimony provided by Heffner was the same testimony presented by Detective Licata. . . . On cross-examination, Heffner indicated that [Taylor] was a known drug addict.

- 2 -

Trial Court Opinion, 6/25/18, at 2-4 (citations and footnotes omitted). Additionally, we note that once both men were arrested, Detective Licata dialed the same number used by the CI to set up the drug deal and Taylor's cell phone began ringing. *See* N.T., 3/13/18, at 90-91.

At the conclusion of a two-day jury trial, Taylor was convicted of the aforementioned charges. Thereafter, the trial court sentenced him to an aggregate term of two to four years of imprisonment. This timely appeal follows the trial court's denial of Taylor's post-sentence motion. Both Taylor and the trial court have complied with Pa.R.A.P. 1925.

Within his brief, Taylor raises the following issues:

I. Whether the trial court erred when it denied Taylor's post-sentence motion because the verdict was so contrary to the weight of the evidence as to shock one's sense of justice?

II. Did the trial court err in refusing to make Taylor eligible for RRRI when he was an eligible offender under 61 Pa.C.S.A. § 4503, and the court was required by 61 Pa.C.S.A. § 4505 and 42 Pa.C.S.A. § 9756 to impose a RRRI minimum sentence in addition to the minimum and maximum sentence?

*See* Taylor's Brief at 6.[2]

Although Taylor has phrased his first issue in terms of the weight of the evidence, in support he asserts that "the evidence failed to show that [he] took a substantial step toward the commission of a delivery of a controlled

---

[2] The Commonwealth did not file a brief.

substance," and that the evidence "failed to show that [he] used a communication facility in order to commit, cause or facilitate the commission of a crime which constitutes a felony." Taylor's Brief at 10. In making these arguments, Taylor actually challenges the sufficiency of the evidence supporting his convictions. *See generally Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000). Thus, we will consider his challenge using sufficiency standards.

Initially, we set forth our standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted).

Taylor argues that the Commonwealth did not prove that he took a substantial step toward delivering the drugs. The Crimes Code defines "criminal attempt" as follows:

**§ 901. Criminal attempt**

    **(a)**   **Definition of attempt.—**A person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901.

"Although the Crimes Code does not define "substantial step," our courts have focused on what measures the actor has already undertaken in pursuance of the crime which indicate his or her resolve toward the commission of that crime." ***Commonwealth v. Bolden***, 532 A.2d 1172 (Pa. Super. 1987) (citations omitted). Stated differently, "[t]he substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not . . . focus on the acts remaining to be done before the actual commission of the crime." ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1069 (Pa. Super. 2003) (citation omitted). "The defendant need not actually be in the process of the crime when arrested in order to be guilty of criminal attempt." ***Id.***

The trial court found no merit to Taylor's claim:

    In the instant matter, [Taylor] made a substantial step towards the commission of the crime prior to arrest by police. Detective Licata was with a CI at the time the CI called a phone number and arranged a drug buy for two bundles of heroin. Detective Licata listened to the phone

conversation and observed the phone number that was dialed. Once Detective Licata and the CI [arrived] at the pre-determined location of the drug transaction, they noticed [Taylor] already at the location. Again, the CI calls the exact phone number that was used to set up the drug transaction and Detective Licata notices that [Taylor] picks up the telephone. The CI proceeds to meet with [Taylor]. The Commonwealth submitted video evidence of the CI meeting with [Taylor]. Next, the surveillance team loses sight of the CI and [Taylor] at this moment, the surveillance team's cover is blown. Both the CI and [Taylor] are arrested and marked money was found on [Taylor]. Once arrested, Detective Licata [dialed] the number that was used to set up the drug transaction and the phone that was found on [Taylor] began ringing.

***

After reviewing the evidence submitted, a jury could reasonably conclude that [Taylor] had the necessary intent to sell a controlled substance to the CI and took a substantial step in setting up the drug transaction ( i.e., arriving at the exact location the CI had mentioned on the phone, meeting with the CI, and having marked money on his person). Accordingly, this issue is without merit.

Trial Court Opinion, 6/5/18, at 5-7.

Our review of the record supports the trial court's rejection of Appellant's claim. Taylor claims that the Commonwealth failed to prove his intent beyond a reasonable doubt because the Commonwealth failed to call the CI to testify. According to Taylor, the CI was the "only person who could testify to the actual events and conversation that occurred regarding the incident. The evidence shows [he] was attempting to steal the money from the CI and walk away with him in the process." Taylor's Brief at 13-14 (citations omitted). We disagree. As noted above, as with any other element of a crime, intent may be established by circumstantial evidence. *Hansley*, *supra*. The

Commonwealth had more than ample circumstantial evidence that Taylor took substantial steps to commit the crimes charged.

Finally, Taylor raises an actual weight claim when he argues certain evidence, *i.e.*, that no drugs or all of the marked money was found on his person, is entitled to greater weight than the testimony of the officers. Appellate courts in Pennsylvania review a weight-of-the-evidence claim for an abuse of discretion:

> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination [of whether] the verdict is against the weight of the evidence.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citing ***Widmer***, ***supra***).

In rejecting this aspect of Taylor's claim, the trial court stated:

> The jury properly determined the credibility of the witnesses and there was more than enough evidence presented by the Commonwealth to properly find [Taylor] guilty of an attempt at delivery of a controlled substance. The verdict here does not shock one's sense of justice. Accordingly, the verdict was not against the weight of the evidence.

Trial Court Opinion, 6/25/18, at 6. Once again, we agree with the trial court's conclusion. ***See Commonwealth v. Graham***, 109 A.3d 733, 736 (Pa. Super.

2015) (explaining that the weight to be accorded conflicting evidence is exclusively for the fact finder).

Taylor also argues that the Commonwealth did not sufficiently establish that he used a communication facility. He argues that "Detective Licata did not see [him] use his cell phone to set up the drug deal. Detective Licata claimed [Taylor] answered his cell phone at the same time the CI was directed to call the number to the drug dealer but he did not testify he heard [Taylor] answer." Taylor's Brief at 13. Detective Licata testified that he observed Taylor answer a phone right after the CI dialed the number. *See* N.T., 3/13/18, at 83. Detective Licata further testified that, once both the CI and Taylor were arrested, the detective dialed the same number again and Taylor's cell phone began to ring. *See id.* at 90-91. As noted above, a criminal conviction may rest wholly on circumstantial evidence. *Hansley*, *supra*. Thus, the fact that Detective Licata did not hear and/or observe the entire set up of the drug deal, does not render the evidence insufficient to support the communication facility conviction.

In his second issue, Taylor argues that the trial court failed to impose an RRRI (Recidivism Risk Reduction Incentive) minimum sentence according to 61 Pa.C.S.A. section 4505. By order dated August 16, 2018 the trial court acknowledges that when "the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence, as required, the sentence is illegal." Order, 8/16/18, at 1 (quoting *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010)). The trial

court then asked this Court to "remand for the limited purpose of Taylor's eligibility for the RRRI program. We therefore vacate Taylor's judgment of sentence and remand for resentencing to include a determination of Taylor's eligibility and, if applicable, the imposition of a new sentence which includes an RRRI minimum.

Convictions affirmed. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2019