J-S63027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KIMANI J. LOCKHART :
:
Appellant : No. 795 EDA 2019

Appeal from the PCRA Order Entered February 19, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000634-2012

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:              **FILED DECEMBER 09, 2019**

Kimani J. Lockhart (Appellant) appeals *pro se* from the order dismissing

his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously explained:

[Appellant] was found guilty by the trial judge of possession with
intent to distribute a controlled substance (PWID)—cocaine,
possession of cocaine, possession of drug paraphernalia,
speeding, and driving under suspension.  The trial court sentenced
[Appellant on February 23, 2015,] to a term of 42 to 90 months'
imprisonment after this Court vacated his original, mandatory
minimum sentence.

**Commonwealth v. Lockhart**, 159 A.3d 55 (Pa. Super. Oct. 25, 2016)

(unpublished memorandum at *1) (footnotes omitted).  Appellant did not file

a post-sentence motion or direct appeal, and his February 23, 2015 judgment

_____

[*] Retired Senior Judge assigned to the Superior Court.

of sentence became final 30 days later, on March 25, 2015. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant filed a timely PCRA petition on April 6, 2015. The PCRA court denied relief on November 24, 2015 and Appellant appealed. This Court affirmed the denial of PCRA relief on October 25, 2016. *Commonwealth v. Lockhart, supra*.

Appellant filed the underlying *pro se* PCRA petition, his second, on December 19, 2018. The PCRA court provided notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on January 3, 2019, and on January 28, 2019, Appellant filed an "Objection." On February 19, 2019, the PCRA court dismissed the petition. Appellant filed this appeal on March 6, 2019. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Although Appellant does not include in his brief a statement of questions presented, in his Rule 1925(b) statement he alleges:

> (1) Is the P.C.R.A. Court bound by "9545", if it has made a Judicial Error?
>
> (2) Did the P.C.R.A. Court use "9545" to avoid correcting a[n] Error that was made when Defendant was Sentenced?
>
> (3) Did the P.C.R.A. Court commit a Judicial Error by not comparing Defendant's Out Of State convictions to Pennsylvania Offenses?
>
> (4) Did the P.C.R.A. Court have Jurisdiction to review Defendant's claim of a Illegal Sentence?
>
> (5) Did the P.C.R.A. Court commit a Judicial Error when it ruled that Defendant's Attorney was not Ineffective?

(6)     Was Defense Counsel was [sic] Ineffective for failing to examine Defendants PSI and challenge Defendants Out of State Convictions?

Appellant's "Statement of Matters Complained to Pa.R.A.P. 1925(b)", 3/27/19.

In the summary of his argument, Appellant states:  "BECAUSE THE TRIAL COURT ALONG WITH APPELLANTS ATTORNEYS FAILED TO PROPERLY ARTICULATE APPELLANTS (PSI), AN EXCEPTION SHOULD BE GRANTED AND APPELLANTS CASE SHOULD BE VACATED AND DISMISSED."  Appellant's Brief at 6.  However, before we address the merits of Appellant's claims, we must first address the timeliness of Appellant's petition.  "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven an exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

As explained above, the trial court sentenced Appellant on February 23, 2015 and Appellant did not file a direct appeal. Thus, Appellant's underlying PCRA petition, which he filed on December 19, 2018, is untimely, and we lack jurisdiction unless he has pled and proven one of the three timeliness exceptions of section 9545(b)(1). *Derrickson*, *supra*. Notably, exceptions to the time bar *must be pled in the PCRA petition*, and may not be raised for the first time on appeal. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999) (emphasis added).

Instantly, Appellant concedes that his petition is untimely. *See* Appellant's Brief at 1. Moreover, our review of Appellant's petition confirms the PCRA court's statement that Appellant "alleged no exception to the timeliness requirements," as well as the Commonwealth's statement that "Appellant did not allege an exception to the timeliness requirements of the

PCRA to justify the untimeliness of his petition." PCRA Court Order, 2/19/19, at 2; Commonwealth Brief at 7. For example, Appellant generally asserts that he is eligible for relief because of "ineffective assistance of counsel" and the "imposition of a sentence greater than the lawful maximum." PCRA Petition, 12/19/18, at 2. The Pennsylvania Supreme Court has stated, "The statute makes clear that where, as here, the petition is untimely, it is the petitioner's burden to plead **in the petition** and prove that one of the exceptions applies." **Beasley**, 741 A.2d at 1261 (citing 42 Pa.C.S.A. § 9545(b)(1)) (emphasis added). Thus, Appellant has failed to meet his burden of meeting an exception to the time-bar.

We further note that this Court has held that a response to a Rule 907 notice is not a subsequent PCRA petition, and a petitioner must still seek leave to amend the petition; failing to do so and raising new claims in the Rule 907 response results in waiver. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012). Even in the absence of waiver, to the extent Appellant asserted in his "Objection" in response to the PCRA court's Rule 907 notice, an "after discovered evidence" exception to the time-bar, the PCRA court explained:

> On January 3, 2019, [the court] filed a Notice of Disposition without a Hearing to dismiss the instant PCRA Petition based on untimeliness. Petitioner then filed an Objection to that Notice on January 28, 2019.
>
> Petitioner's Objection has now alleged a timeliness exception under § 9545(b)(1)(ii). The "after-discovered" evidence exception applies where "the 'facts' upon which such a

claim is predicated must not have been known to [Petitioner], nor could they have been ascertained by due diligence." *Com. v. Lambert*, 884 A.2d 848, 852 (Pa. 2005). "Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." *Com. v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (quoting *Com. v. Bennett*, 930 A.2d 1264, 1271, 1272 (Pa. 2007)("The statute has two components, which must be alleged and proved. Petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence."). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Com. v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015).

Here, Petitioner avers he was not aware that the Commonwealth is permitted to use out-of-state convictions as enhancements to his prior record score at the sentencing stage. However, Petitioner's own Objection belies the assertion that he was unaware of these cases and could not have discovered them by the exercise of due diligence.

First, Petitioner argues that he exercised due diligence in discovering the series of cases that have cemented the use of out-of-state convictions under the *Bolden* test. However, in Petitioner's own words: "both the Superior and Supreme Courts have stood firm on the issue of enhancement of sentence[s] because of out of state convictions" for, at least, three decades. Pet. Br. at 2; *See e.g., Com. v. Bolden*, 532 A.2d 1172, 1175 (Pa. Super. 1987)("[W]hen calculating a prior record score based upon a foreign state conviction, a conviction under federal law or a conviction for an offense under a former Pennsylvania law, we are required to score such a conviction as we would a 'current equivalent Pennsylvania offense.'"). . . . The [PCRA c]ourt finds Petitioner's argument unpersuasive because the exercise of due diligence would have uncovered these cases and informed Petitioner that out of state convictions would enhance his sentence.

Furthermore, as Petitioner had knowledge about the enhancement of his sentence at his disposal in both August of 2013 and February of 2015, the after-discovered evidence

timeliness exception is not applicable. Pet. Br. at 2. Thus, when Petitioner may have personally learned about these cases or how to properly calculate his sentence is irrelevant.

In addition, Petitioner's Objection contains no additional information that would constitute an exception to the timeliness requirements under § 9545. As none of the other allegations in [his] Petition would give rise to any meritorious timeliness exceptions, the Petition is patently timely, and divests this Court of jurisdiction under § 9545 to consider the merit of his claim(s). **See Com. v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."); **see also Com. v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) (where petitioner files untimely PCRA petition raising legality of sentence claim, jurisdictional limits of PCRA render claim incapable of review) . . . Petitioner has not meritoriously alleged any new information has been discovered since his first, counseled PCRA Petition, nor successfully addressed the untimeliness issue. Accordingly, Our reasons for denying [his] Petition as stated in our January 3, 2019, Notice stand as we are without jurisdiction to grant relief and [this court] cannot conclude Petitioner exercised due diligence under these facts.

PCRA Court Order, 2/19/19, at 2-4 (some citations to case law omitted).

For all of the above reasons, we agree that Appellant has failed to plead and prove an exception to the PCRA's time-bar. We therefore affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/19